# Staunton.

SUPERVISORS OF WASHINGTON COUNTY v. SALTVILLE LAND Co.

SEPTEMBER 12, 1901.

1. ROAD TAX — *Towns — Exemption — Legislative Power — Constitutional Law.*—In the absence of constitutional restrictions, the Legislature may impose upon a taxing district, such as a town, the duty of keeping in repair the streets and roads within, and relieve it from taxation for roads without, its limits. The Legislature judges finally and conclusively upon this question. Section 2 of Article VII. of the Constitution of this State does not restrain the Legislature in this respect, and it may exempt lands lying within a town from the payment of a county road tax.
2. COUNTY SCHOOL TAX—*Towns—Exemption—Constitutional Law.*—The right of a county to impose a county school tax is conferred by Article VIII., section 8, of the Constitution, to which the Legislature has given effect by appropriate legislation, and this right cannot be taken away by the Legislature. The people and property of a town are subject to the county government for county purposes, and the Legislature cannot exempt them from the payment of a county school tax.

Error to a judgment of the Circuit Court of Washington county, rendered May 1, 1900. The defendant in error applied to the County Court of Washington to correct an erroneous assessment of its property for county road and school purposes. The County Court refused to correct the assessment, but, on appeal, its action was reversed by the Circuit Court by the aforesaid judgment of May 1, 1900.

*Reversed in part.*

The opinion states the case.

*Honaker & Hutton* and *P. J. Davenport,* for the plaintiff in error.

*White & Penn,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

By section 2 of the charter of the town of Saltville, the territory within its corporate limits, which is partly in the county of Washington and partly in the county of Smyth, is made a separate road and school district, and all persons and property therein declared to be exempt from all road taxes, taxes for the support of the poor, and from county and district public school purposes; provided the town keeps its streets and alleys, and the public roads within its limits in good order, supports its own poor, and maintains its own public schools. Acts 1895-'6, p. 290.

The authorities of the county of Washington, denying the validity of so much of the charter provision of the town as exempted the property within its limits from taxation for county purposes, assessed the same with taxes for the year 1899.

To be relieved from such assessment on its land, the defendant in error made an application to the County Court of Washington county. That court denied the relief sought, but upon a writ of error its judgment was reversed by the Circuit Court, and the defendant in error exonerated from the payment of taxes assessed on its land for county road and county public school purposes.

To that judgment this writ of error was awarded.

It seems to be well settled that the General Assembly, in the absence of constitutional restrictions, may impose upon a taxing district, such as a town, the duty of keeping in repair the streets and roads within, and relieve it from taxation for roads without, its limits.

When the nature of the case does not conclusively fix it, says

Judge Cooley, the power to determine what shall be a taxing district for any particular burden is purely a legislative power, and not to be interfered with or controlled except as it may be limited or restrained by constitutional provisions. The right to do this, where the Constitution has interposed no obstacle is declared to be not now open to controversy, if indeed it ever was. The Legislature judges finally and conclusively upon all questions of policy, as it may also upon all questions of fact which are involved in the determination of a taxing district. Cooley on Tax., pp. 149-150.

This statement of the rule is fully sustained by the decided cases and text writers. Desty on Tax., sec. 58, p. 276, &c.; Burroughs on Tax., sec. 272; 2 Dillon on Mun. Corp., sec. 737 (4th ed). See *Langhorne & Scott* v. *Robinson*, 20 Gratt. 661.

There is nothing in the Constitution which prohibits or prevents the General Assembly from incorporating a town whose territory lies in two counties, or from making the town a separate road district, and declaring that the lands lying within the town shall be exempt from taxes for roads lying without the town upon condition that it keeps up its own streets and alleys and the public roads within its limits.

It is conceded by the Board of Supervisors that there is no express provision of the Constitution which authorizes them to impose a county road tax, but it is argued that the county levies are made up in part of county road taxes, and as, by section 2, Article VII., of the Constitution, they are authorized to fix the county levies, therefore they have a constitutional right to impose a road tax for county purposes which cannot be taken away by the General Assembly.

If the Constitution had declared what taxes should constitute county levies, and road taxes had been one of them, there would be much force in the contention made; but the Constitution does not so declare, and, in the absence of any express constitutional provision authorizing the Board of Supervisors to levy

taxes for county road purposes, it cannot be said that the pro-
vision of the charter of the town exempting the property within
its limits from county taxation for road purposes is uncon-
stitutional.

We are of opinion, therefore, that the Circuit Court did not
err in holding that the land of the defendant in error was not
liable for the road taxes assessed upon it by the county.

The next question is, was it liable for county public school
taxes?

Section 8, Article VIII., of the Constitution, provides that
"the General Assembly shall apply the annual interest on the
literary fund, the capitation tax provided for by this Constitu-
tion for public free school purposes, and an annual tax upon the
property of the State of not less than one mill nor more than five
mills on the dollar, for the equal benefit of all the people of the
State, the number of children between the ages of five and
twenty-one years, in each public free school district, being the
basis of such division. Provision shall be made to supply chil-
dren attending the public free schools with necessary text books,
in cases where the parent or guardian is unable, by reason of
poverty, to furnish them. Each county and public free school
district may raise additional sums by a tax on property for the
support of public free schools. All unexpended sums of any one
year in any public free school district shall go into the general
school fund for redivision the next year: provided, that any tax
authorized by this section to be raised by counties or school dis-
tricts shall not exceed five mills on a dollar in any one year, and
shall not be subject to redivision, as hereinbefore provided."

By this section it is made the duty of the General Assembly
to provide a State fund for the public free schools of the State,
and as one of the means for raising it the General Assembly is
required to impose a tax upon property. This section also con-
ferred upon each county and public school district the power to
raise additional sums for public school purposes by a taxation

upon property.    The Legislature gave effect to these provisions.
of the Constitution by imposing a State public school tax, and
by providing such machinery as was necessary to enable the
counties to levy a tax for county public school purposes.

By section 833 of the Code as amended (Pollard's Sup., p. 89),
the Board of Supervisors of each county are authorized to levy
a tax upon all property in the county assessed with State taxes
(with certain exceptions which do not affect this case), sufficient
to raise the amount recommended by the county school board
in their estimates for county school purposes, or so much thereof
as they might allow.

There can be no question that under these constitutional and
statutory provisions, the Board of Supervisors had the right to
levy a tax for county public school purposes upon all property
within their jurisdiction upon which the State imposed taxes.

In discussing the question of apportioning taxes, Judge
Cooley states as a general principle of taxation, that "the taxing
district through which a tax is to be apportioned must be the
district which is to be benefited by its collection and expendi-
ture.    The district for the apportionment of a State tax is the
State, for a county tax the county, and so on.    Subordinate dis--
tricts may be created for convenience, but the principle is
general, and in all subordinate districts the rule must be the
same."    Cooley on Tax. (2d ed.), 244, 141; Cooley on Const.
Lim. (6th ed.), 610; 1 Desty on Tax., sec. 10, p. 28, &c.

But it does not follow, necessarily, that because the land of
the defendant in error was within the territorial limits of Wash-
ington county it was within the jurisdiction of the Board of
Supervisors.    Land within the limits of a city may be within the
territorial limits of a county, and yet not be within the juris-
diction of the Board of Supervisors of that county.    A city is
entitled, under the provisions of Article VI. of the Constitu-
tion, to a separate government, and when incorporated is no
part of the county for governmental purposes.    But this is not

true of a town. Its people and property are still subject to the county government for county purposes.

The town of Saltville, so far as it lies within Washington county, is as much a part of the county as the county is a part of the State, not merely territorially, but governmentally. The citizens of the town have the same rights in the selection of county officials, and in the management of county affairs that they had before the act of incorporation. The people and property of the town are as much within the jurisdiction of the county for all *county purposes* as they ever were.

The levy of a county school tax is manifestly for a county purpose. It is made so by the Constitution, and the right of the county to impose the tax being derived from the Constitution, cannot be taken away by the General Assembly. *Robertson* v. *Preston,* 97 Va. 296. This being so, it follows that so much of section two of the charter of the town as declares that property within its corporate limits shall be exempt from county public school taxes or levies is unconstitutional and void.

We are of opinion, therefore, that the Circuit Court erred in so far as it held that the land of the defendant in error had been erroneously assessed with county school levies or taxes. For this error its judgment must be reversed, and this court will enter such judgment as it ought to have entered.

*Reversed in part.*