# Richmond.

DAY AND OTHERS v. ROBERTS AND OTHERS.

February 5, 1903.

1. CONSTITUTIONAL LAW—*Uniform Taxation—Exempting Towns from County Taxation—Smithfield.*—Under section 1, Article X., of the Constitution of this State (1869), providing that "taxation, except as hereinafter provided, whether imposed by the State, county, or corporate bodies, shall be equal and uniform," the Legislature has no power to exempt the taxable persons and property in a town situated within the limits of a county and forming a part thereof from school taxes and county levies. A part of a county cannot be made to bear all the burden of taxation for county purposes. The uniformity required extends not only to the rate and mode of assessment, but also to the territory to be assessed, and when a tax is levied by a county it must be uniform throughout the county. Section 20 of the new charter of the town of Smithfield, being in contravention of the above-mentioned section of the Constitution, is void.

2. CONSTITUTIONAL LAW—*Legislative Construction.*—The construction placed on the Constitution of the State by the Legislature thereof is entitled to consideration, and, in case of doubt, should be influential in its construction, but cannot be permitted to overturn plain language.

Appeal from a decree of the Circuit Court of Isle of Wight county, pronounced April 23, 1901, in a suit in chancery, wherein appellants were the complainants, and the appellees were the defendants.

*Affirmed.*

The opinion states the case.

*R. S. Thomas* and *Burroughs & Bro.*, for the appellants.

*R. E. Boykin*, for the appellees.

BUCHANAN, J., delivered the opinion of the court.

By section 20 of an act entitled "An act to repeal the charter of the town of Smithfield, and to grant a new charter to said town," approved February 17, 1900 (Acts 1899-1900, p. 417), it is provided: "That the said town and all taxable persons and property therein shall be free and exempt from the payment of any poor rates, any road, school or other tax to or by the county of Isle of Wight, and from contributing to the county expenses for any year, provided the said town shall, at its own expense, provide for its poor and attend to its own streets."

The Board of Supervisors of the county of Isle of Wight, in which the town of Smithfield is located, at their annual meeting in July, 1900, fixed the amount of the levy for the ensuing year, and "ordered" a levy on all persons and property in the county assessed with State taxes, including the taxable persons and property in the town of Smithfield, other than poor rates and road taxes, and were proceeding to collect the same when they were enjoined at the suit of the appellants, who were residents of the town of Smithfield, and the owners of real and personal property situated therein. At the hearing of the cause upon a demurrer to the bill and amended bills, the Circuit Court for the county was of the opinion that so much of section 20 of the charter as sought to exempt the town and taxable persons and property therein from the payment of taxes to the county for general county purposes (other than poor rates and road taxes) was unconstitutional and void, dissolved the injunction and dismissed the bill. From that decree this appeal was granted.

By section 1, Art. X. of the Constitution of 1869, it is provided that "taxation, except as hereinafter provided, whether imposed by the State, county or corporate bodies, shall be equal and uniform, and all property, both real and personal, shall be

taxed in proportion to its value, to be ascertained as prescribed by law. No one species of property from which a tax may be collected shall be taxed higher than any other species of property of equal value."

The object and meaning of those provisions are manifest. In governments like ours the Legislature is the taxing power, and in the absence of constitutional limitations that power may be exercised by it, both as to subjects and modes, to almost any extent it may deem proper. This discretion can rarely, if ever, be interfered with by the courts. In such cases, until in recent years, the only guarantee against an abuse of this discretion was to be found in the integrity of the Legislature, its sense of justice, the responsibility of its members to their constituents, and the frequent recurrence of elections for the choice of new members who might remedy unjust or unequal taxation. But in this State, as in many, if not all, of the States of the Union, the people have seen fit by constitutional provisions to limit this power and to direct how it shall be exercised so as to guard against its abuse. By our State Constitution of 1851 it was provided by sec. 22, Art. IV., that "taxation shall be equal and uniform throughout the Commonwealth, and all property shall be taxed in proportion to its value," except slaves. This provision was held by this court in the case of *Gilkerson* v. *Frederick Justices*, 13 Gratt. 577, not to apply to taxation by counties for their local purposes, but only to taxation by the State for the purposes of State revenue.

The convention which adopted the Constitution of 1869 must have known that under the Constitution it was framing the larger portion of the aggregate of taxation would be required to meet the purposes of the counties and cities and other local subdivisions of the State, and that such taxes could only be levied as the Legislature should provide. If it was necessary to guard against an abuse of legislative power by carefully providing for just, uniform and equal taxation for supplying revenue for

State purposes, as the convention of 1851 thought, it was equally, if not more important, to provide the same safeguards as to the larger burdens of taxation which the Legislature might authorize the subordinate divisions of the State to impose for their local revenue. To accomplish this end, the convention, in framing section 1, Art. X. of the Constitution of 1869, limiting and directing the power of the Legislature, extended its provisions beyond those of the convention of 1851 so as to make them apply not only to taxation imposed by the State for State purposes, but also to taxation imposed by counties and corporate bodies for local *revenue. Norfolk City* v. *Ellis,* 26 Gratt. 226-'7.

Constitutional provisions similar to the one now under consideration have frequently been before the courts. The settled construction placed upon them is that uniform taxation requires uniformity not only in the rate of taxation, and in the mode of assessment upon the taxable valuation, but that uniformity must be co-extensive with the territory to which it applies. If a tax is imposed by the State it must be uniform over the whole State; if by a county, city, town, or other subordinate district, the tax must be uniform throughout the territory to which it is applicable. *Knowlton* v. *Board of Supervisors,* 9 Wis. 410, 420-'1; *Bright* v. *McCullough,* 27 Ind. 223, 230; *Exchange Bank, &c.* v. *Hines,* 3 Ohio St. 15; *Sleight* v. *People,* 74 Ill. 47; *Dyar* v. *Farmington,* 70 Maine, 515; *Hutchinson* v. *Osark Co.* (Ark.), 22 S. W. 173, 38 Am. St. Rep. 258; *Pine Grove, &c.* v. *Talcott,* 19 Wall. 676, 22 L. Ed. 227; *Cooley on Tax.* (2d ed.) 244, 141; Cooley's Const. Lim. (6th ed.) 610; 1 Desty on Tax., sec. 35, p. 173; Burroughs on Taxation, 61 and 62.

A State burden is not to be imposed upon any territory smaller than the whole State, nor a county burden upon any territory smaller or greater than the county. This doctrine was laid down by Judge Cooley in the *People* v. *Salem,* 20

Mich. 452, 474, 4 Am. Rep. 400, as one of the fundamental maxims of the law of taxation, and applies and is enforced especially in those States which have constitutional provision like that under consideration. It was held in *Allhands* v. *People*, 82 Ill. 235, that it was not admissible under the Constitution of Illinois to tax a part for the benefit of the whole.

In *Dyar* v. *Farmington*, 70 Maine, 515, the court decided that a tax for public purposes could not be constitutionally imposed upon a portion only of the real estate of the town, leaving the remainder exempt.

In *Hutchinson* v. *Osark Land Co.*, *supra*, it was held that it was not within the power of the Legislature to create a district for the levy of a county tax that did not embrace the whole county; that as the tax was for a county purpose, its burden could not be imposed upon a part only of the county's territory. To the same effect are the cases of *O'Kane* v. *Teat*, 25 Ill. 557, and *Wilson* v. *Supervisors*, 47 Cal. 91.

No one would seriously contend that under the Constitution of 1869 the Legislature could have imposed the whole burden of taxation for State purposes upon the cities of the Commonwealth, or that it could have exempted them from their fair share of that burden, and imposed it all upon the territory of the State outside of the cities. If it has no power to tax a part of the State for the benefit of the whole, how, with the same limitations upon its powers as to county taxation, could it compel a part of the county of Isle of Wight to bear all the burden of taxation for county purposes and exempt the town of Smithfield from bearing any part of it? The town of Smithfield is as much a part of the county of Isle of Wight, both as to territory and government, as the county is a part of the State. The people of, and the property in, the town are as much within the jurisdiction of the county for all county purposes as if the town of Smithfield had never been incorporated. *Supervisors* v. *Saltville*, 99 Va. 640, 645, 39 S. E. 704.

The Legislature, by section 833 of the Code, and amendments thereto, having authorized and required the Board of Supervisors of each county at their annual meeting to fix the amount of county levies for the ensuing year, and to order the levy on all persons and property assessed with State tax within the county, had, in our opinion, no power to exempt from such levy the persons and property assessed with State taxes in Smithfield, and impose the whole burden of the county levies on the persons and property outside of the town; and section 20 of the charter of Smithfield, in so far as it attempted to do this, is in plain violation of sec. 1, Art. X., of the Constitution of 1869.

In *Robertson* v. *Preston*, 97 Va. 296, 33 S. E. 618, and in *Supervisors* v. *Saltville*, 99 Va. 640, 39 S. E. 704, it was held that the Legislature had no power to exempt from county public school taxes any property assessed with State tax within the county.

In reaching the conclusion we have in this case, we have not been unmindful of the fact that for many years the Legislature has from time to time granted charters to towns containing provisions similar to those contained in section 20 of the charter in question, and that such legislative construction of the Constitution is entitled to consideration, and that in cases of doubt and uncertainty the solemn declaration of the Legislature ought to, and will, be influential with the court; nor have we overlooked the settled rule of construction that an act of the Legislature will not be declared unconstitutional unless it is clearly so; but the plain language of the provision in question, the construction which it and similar provisions have generally, if not universally, received, and the fact that any other construction would utterly destroy the equality and uniformity of taxation contemplated by the Constitution, have impelled us, in the performance of a duty both unwelcome and undesirable, as passing upon the constitutionality of an

act of a co-ordinate branch of the government always is, to reach the conclusion we have.

The conclusion we have reached renders it unnecessary to consider the question whether or not the title of the charter of Smithfield is broad enough to cover the provisions of section 20.

We are of opinion that there is no error in the decree appealed from, and it must be affirmed.

*Affirmed.*