Syllabus.

## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

DUNCAN CAMPBELL AND OTHERS v. BRYANT, MAYOR,

AND OTHERS.

November 23, 1905.

1. EQUITY—*Jurisdiction—Unauthorized Tax.*—Equity has jurisdiction to enjoin the collection of an unauthorized tax and to declare unconstitutional the law under which the tax is imposed.

2. EQUITY—*Injunction—Unauthorized Tax—Parties.*—Where the Mayor and council of a town imposing an unauthorized tax are parties in their official capacity to a bill to enjoin the collection of the tax, it is not necessary to make the town a party by name.

3. CONSTITUTIONAL LAW—*Incorporating Cities and Towns—Special Legislation.*—Since the adoption of the present Constitution, the Legislature can, as formerly, grant charters creating cities and towns, but when such charters are granted the city or town so chartered must be organized and governed in accordance with the general laws. It cannot pass special laws conferring rights and privileges different from those prescribed by the general law, as this would be obnoxious to the constitutional provision forbidding special legislation.

4. MADISON HEIGHTS—*Charter Unconstitutional.*—The charter of the town of Madison Heights is obnoxious to the constitutional inhibition against special legislations in numerous particulars. The time for holding elections of mayor and councilmen, the territorial extent of the jurisdiction of its mayor, and the powers of its sergeant, are all different from the provisions of the general law. Other provisions are without any general law to support them and are hence invalid, as Sec. 117 of the Constitution is self-executing so far as it prohibits special legislation, and also to the extent that it amends the charters of cities and towns so as to make them conform to the provisions of the Constitution.

5. CONSTITUTIONAL LAW—*Uniform Taxation—Towns—Exemption from County Levies.*—The Legislature has no power to exempt the taxable persons and property in a town situated within the limits of a county and forming a part thereof, from county levies, as sec. 168 of the Constitution expressly provides that all taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and this uniformity extends not only to the rate and mode of assessment, but also to the territory to be assessed.

6. CONSTITUTIONAL LAW—*Law Void in Part—Dependent Provisions.*— Where a town charter is required to be accepted by a vote of the citizens before it becomes operative, and the chief inducement to vote for the charter is a provision therein exempting the persons and property within the town from certain taxes, which exemption is declared unconstitutional and void, the whole charter will be held to be invalid.

7. UNCONSTITUTIONAL LAW—*Effect of Passage.*—An unconstitutional law confers no rights; imposes no duties, affords no protection, and is, in legal contemplation, as inoperative as though it had never been passed.

8. MUNICIPAL CORPORATIONS—*Dissolution—Invalid Incorporation.*—While a court of equity cannot dissolve a municipal corporation which once had a legal existence, it may declare unconstitutional an Act of Assembly which seeks to bring it into existence, in a proper proceeding which involves the validity of said Act.

Appeal from a decree in chancery of the Circuit Court of Amherst county. Decree for defendants. Complainants appeal.

*Reversed.*

The opinion states the case.

*Wm. Kinckle Allen* and *Caskie & Coleman,* for the appellants.

*Jno. G. Haythe* and *Whitehead & Whitehead,* for the appellees.

HARRISON, J., delivered the opinion of the court.

By an act of the General Assembly, approved March 14,

1904 (Acts, 1904, p. 283), entitled, "an act to incorporate the town of Madison Heights, in Amherst county," it was enacted that the territory in Amherst county contained within the limits set forth and described in section two of the act should be deemed and taken as the town of Madison Heights, and that the inhabitants thereof should be a body politic under that name for all purposes for which towns are incorporated in this Commonwealth. By the terms of the act, the charter thereby created was not to become operative until it had been ratified by a majority of the registered voters within the limits of the proposed town, and by a majority vote of the freeholders voting at the special election to be ordered by the judge of the Circuit Court of Amherst county, for the purpose of ascertaining the will of those entitled to vote on the question.

In pursuance of the terms of the act, an election was held on the 10th day of May, 1904, at which a majority of the whole vote cast was for the ratification of the charter, and a majority of the freeholders voting were likewise in favor of such ratification. It further appears that on the 7th day of June, 1904, A. J. Bryant was elected mayor; and George A. Christian, C. P. Shaner, J. H. Cooper, George T. Harris, Thomas H. Banton and C. E. Bell, councilmen. At a meeting of these persons, claiming to be mayor and councilmen, respectively, of the town of Madison Heights, by virtue of the election of June 7, 1904, certain persons were appointed officers of the town, among others J. D. Mays, as sergeant and collector; and on the same day the council proceeded to levy a tax for various town purposes, for the year ending June 30, 1905, amounting in the aggregate to $2,010.00, and to place the same in the hands of J. D. Mays, sergeant, for collection.

Shortly thereafter (the date does not appear), the bill in this case was filed by Duncan Campbell and twenty others, suing for themselves and on behalf of all other citizens of the territory embraced within the limits designated by the charter act, alleging that said act, purporting to incorporate the town of

Madison Heights, was unconstitutional and void, and that the mayor and council of the so-called town were therefore without authority to levy or collect taxes, and praying that the taxes assessed by the council be declared to be nugatory, and that J. D. Mays, the pretended sergeant of such town, be perpetually enjoined from undertaking to collect the same. To this bill the persons already mentioned, styling themselves mayor and council of the town of Madison Heights, and J. D. Mays, styling himself collector of said town, were made parties defendant; and filed a joint demurrer and answer in their own right and in their several official capacities, in which answer they deny all of the material allegations of the bill, insisting upon the validity of the charter act of March 14, 1904, and of their proceedings thereunder.

Upon the hearing, the Circuit Court of Amherst county, by decree of March 16, 1905, overruled the demurrer, but dismissed the bill upon the ground that the complainants were not entitled to the relief prayed for. This conclusion of the Circuit Court, which rests upon the view that the act of March 14, 1904, incorporating the town of Madison Heights, is constitutional, is called in question by the present appeal.

The demurrer was properly overruled. The jurisdiction of a court of equity in this class of cases is well established. *Bull v. Read,* 13 Gratt. 78; *Eyre v. Jacob,* 14 Gratt. 422, 73 Am. Dec. 367; *Johnson v. Drummond,* 20 Gratt. 419; *Redd v. Supervisors,* 31 Gratt. 695; *Lynchburg, &c. v. Dameron,* 95 Va. 545, 28 S. E. 951; *Cahoon v. Iron Gate,* 92 Va. 367, 23 S. E. 767; *Day v. Roberts,* 101 Va. 248, 43 S. E. 362.

The mayor and members of the council are parties defendant and have appeared and answered the bill in their official capacity, as well as in their own right. It was, therefore, not necessary to make the town a party by name. It was present through its mayor and council, who were the only parties who could have

represented it.   To have, in addition, made it a party by name would have been a vain act, serving no purpose, which is not required.   This view is sustained by authorities already cited in support of the jurisdiction of the court.

Section 117 of the Constitution provides, that general laws for the organization and government of cities and towns shall be enacted by the General Assembly, and that no special act shall be passed in relation thereto, except in the manner prescribed in article 4 of the Constitution.   What special acts may be passed in relation to cities and towns, under art. 4 of the Constitution, need not now be considered, for it is clear that cities and towns not in existence when the Constitution went into effect can only be organized and governed in accordance with the general laws.   This provision of our present fundamental law prohibiting special legislation and providing that general laws for the organization of cities and towns shall be enacted, and that no special act shall be passed in relation thereto, is second to no other provision of the Constitution in value and importance, and cannot be too carefully observed or strictly enforced.

Of course the Legislature can, as formerly, grant charters creating cities and towns, but when such charters are granted the city or town so chartered must be organized and governed in accordance with the general laws, otherwise the charter would be obnoxious to the constitutional provision forbidding special legislation.

The charter of the town of Madison Heights, as set forth in the act of March 14, 1904, is obnoxious in numerous particulars to the constitutional inhibition against special legislation. It is not necessary to point out in this opinion all of the material respects in which the powers sought to be conferred by the act in question differ from the powers conferred upon towns by the existing general law.   One or two examples may be mentioned.

Clause 20 of the act provides, that the election of mayor

and councilmen of Madison Heights shall be on the first Tuesday, in June, 1904, and every two years thereafter; whereas, under the general law, town elections for mayor and councilmen must be held on the second Tuesday in June. Va. Code, 1904, sec. 1021.

It is provided that the mayor of Madison Heights shall be invested with the power and authority of a justice of the peace, within the limits of the town and to a distance of one and one-fourth miles beyond in Amherst county; and shall exercise like jurisdiction in all cases originating within such limits that a justice of the peace may now or hereafter have and exercise. This provision gives to the mayor both civil and criminal jurisdiction within the corporate limits and for a distance of one and a quarter miles beyond; whereas, the general law (Va. Code, 1904, sec. 1032) provides, that the jurisdiction of the corporate authorities of each town or city, in criminal matters and for imposing and collecting a license tax on all shows, performances, and exhibitions, shall extend one mile beyond the corporate limits of such town or city; and further provides (Va. Code, 1904, sec. 1033a), that the civil jurisdiction of mayors of towns shall be confined to the corporate limits of the town, and their criminal jurisdiction to such limits and one mile beyond.

The sergeant of the town is given all of the powers and authority of a constable and conservator of the peace within the corporate limits, and for a distance of one and a quarter miles beyond; whereas, as already pointed out, the jurisdiction of the corporate authorities of a town is limited by the general law to one mile beyond the corporate limits.

Without further detail it may be said, that most of the important provisions of the act incorporating the town of Madison Heights are either in conflict with the existing general law, or without any general law to support them. The fact, however, that no general law on the subject has been passed does not affect the question. Section 117 is self-executing so far as it

prohibits special legislation, and also to the extent that it amends the charters of towns and cities, so as to make them conform to the provisions of the Constitution.   *Hicks* v. *City of Bristol,* 102 Va. 861, 47 S. E. 1001.

It would seem from clause nineteen of the act that the draughtsman of the charter intended to confer special authority and power, it being there provided, that "in addition to the special powers hereinbefore especially delegated to the town council, all general powers not in conflict with the laws of this State or of the United States, necessary for the proper government of said town, and which are by law allowed to municipal corporations, are hereby likewise delegated and vested in the said town council."

If, however, the Legislature had possessed the power to pass an act for the organization and government of a town conferring special powers, the charter in the case at bar would still be invalid, because it exempts the persons residing within the territorial limits of the proposed town from the payment of certain taxes to the county of Amherst, in violation of section 168 of the Constitution, which expressly provides that all taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws.   This court has held that a town is a part of the county for all purposes of taxation, and that the Legislature has no power, by reason of the constitutional inhibition mentioned, to exempt the taxable persons and property in a town situated within the limits of a county and forming a part thereof, from county levies; that a part of a county cannot be made to bear all the burden of taxation for county purposes; and that the uniformity required extends not only to the rate and mode of assessment, but also to the territory to be assessed, and when a tax is levied by a county it must be uniform throughout the county.   *Day* v. *Roberts,* 101 Va. 248, 43 S. E. 362.

In the case cited the court was construing a similar pro-

vision in the Constitution of 1869. The provision in the present Constitution is possibly more explicit in providing that taxation shall be uniform within the territorial limits of the authority levying the tax than that construed in *Day* v. *Roberts, supra.* This being so, the county of Amherst can and must levy the same taxes upon the people and property of Madison Heights as upon the rest of the county. The provision of the charter exempting the people of that town from the taxes mentioned is therefore wholly nugatory.

This provision for exemption from taxes cannot be held invalid and the residue of the act be permitted to stand unaffected by the illegal section, as was done in the case of *Cahoon* v. *Iron Gate, &c., supra,* because to escape the payment of such taxes was one of the chief inducements held out by the charter to get the tax-payers of the proposed town to vote for the charter when it was submitted to them for their approval or rejection, and we cannot say that the people would have voted for the charter if that provision had been omitted. In such a case the whole charter must be held invalid. *Robertson* v. *Preston,* 97 Va. 296, 301, 33 S. E. 618.

It is not necessary to consider other features in which it is contended that the act of March 14, 1904, is invalid. It being unconstitutional in the particulars pointed out, the appellees had no power or authority to levy or collect the tax complained of. The act being unconstitutional, it is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed. *Norton* v. *Shelby County,* 118 U. S. 425, 30 L. Ed. 178, 6 Sup. Ct. 1121.

The authorities relied on by the appellees (see *Agner's Case,* 103 Va. 811, 48 S. E. 493), in support of their argument that the courts have no power to dissolve a municipal charter; that municipalities exist only by legislative sanction, and cannot be dissolved or cease to exist except pursuant to legislative provision, have no application to a case like this. There is no undertaking

to dissolve the charter of Madison Heights, and no such decree is asked for.   It is a proceeding, sanctioned by a long line of Virginia decisions, asking for relief from an unconstitutional and therefore illegal tax.   We are only holding that the act attempting to incorporate the town of Madison Heights and providing for its organization and government is invalid because not passed in conformity with the Constitution of the State.   In other words, we determine that the act, which it is claimed creates the town and gives its council the power to levy the tax complained of, is a nullity because in violation of the Constitution.   If it had ever been a valid act, then the court could not annul it or declare it forfeited; that would be a legislative power.   But whether or not there is a valid act or charter authorizing the tax complained of is a judicial question, and the court not only has the right but is bound to pass upon such a question whenever it is properly presented.

For these reasons the decree appealed from must be reversed and this court will enter here such decree as the lower court ought to have entered, declaring the tax complained of invalid and perpetually enjoining the appellees from all further attempt to collect the same.

*Reversed.*