## Wytheville.

## WATKINS, TREASURER, AND OTHERS V. BARROW AND OTHERS.

### June 14, 1917.

### Absent, Burks, J.

1. TAXATION—*Constitutional Law—Uniformity—Exemption of Property in Corporate Limits from Road Tax.*—The Code of 1904, section 944-a, clause 11, as amended by act of March 15, 1915, p. 121, which provides that the board of supervisors of each county shall annually levy a road tax upon the property, subject to local taxation in their county and not within the corporate limits of any town in such county which maintains its own streets, is not in violation of section 168 of the Constitution, which provides that "All property, except as hereinafter provided, shall be taxed; all taxes, whether State, local or municipal, shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."

2. TAXATION—*County Levy.*—The words "county levy," as generally used in this State, mean the tax levied upon the property of the taxpayers of the county for the purpose of paying the general county expenses, such as the salaries of county officials, the maintenance of courthouses, and those general expenses by which all of the citizens of the county are benefited, whether they live in an incorporated town constituting a part of the county or outside of such town. And the county levy is to be distinguished from other special taxes levied by the board of supervisors for particular purposes.

3. TAXATION—*Constitutional Law—Uniformity.*—The "territorial limits of the authority levying the tax," within which the taxes, under section 168 of the Constitution of 1902, must be uniform, corresponds with the taxing districts lawfully prescribed for the peculiar benefit of which such taxes are levied and collected. Thus, while the board of supervisors has authority to impose county levies for county purposes upon all property located in the county, still under the Constitution itself (section 111) the territorial limit of its authority to levy uniform district taxes is confined to the limits of the particular magis-

terial district for the benefit of which the taxes are imposed, and they may and do levy varying rates in different districts in the same county.

Appeal from a decree of the Circuit Court of Prince Edward county. Decree for complainants. Defendants appeal.

*Affirmed.*

The opinion states the case.

*Meredith & Cocke* and *Samuel A. Anderson,* for the appellants.

*J. M. Crute, E. Warren Wall,* and *Hill Carter,* for the appellees.

PRENTIS, J., delivered the opinion of the court.

The question here involved is whether or not the authorities of the county of Prince Edward can levy and collect a county road tax for the year 1915 of the owners of real and personal property located within the corporate limits of the town of Farmville, in that county, and arises under a bill filed by certain taxpayers of the town of Farmville against the treasurer and board of supervisors of the county. The trial court adjudged the tax to be illegal and void, and injoined its collection.

The statute under which the board of supervisors claims its authority reads thus: "The board of supervisors of each county shall annually levy along with the county levy, a road tax upon the property, real and personal, subject to local taxation in their county and not included within the corporate limits of any town in such county which main-

tains its own streets." Code, 1904, section 944-a, clause 11, as amended by act approved March 15, 1915, Acts 1915, page 121.

It is claimed by the appellants that the language of the act quoted, which exempts taxable property in towns which maintain their own streets from county road taxes, is in violation of section 168 of the Constitution, which provides that "All property, except as hereinafter provided, shall be taxed; all taxes, whether State, local or municipal, shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."

This clause of the Constitution simply makes more explicit the general doctrine of law which has already received the approval of this court in the case of *Day* v. *Roberts,* 101 Va. 249, 43 S. E. 362.

So far as here involved, the uniformity clauses in the Constitutions of 1869 and 1902 are substantially similar. *Moss* v. *Tazewell County,* 112 Va. 883, 72 S. E. 945.

A precisely similar question was decided by this court in the case of *Board of Supervisors of Washington Co.* v. *Saltville Land Co.,* 99 Va. 640, 39 S. E. 704. That case determined that section 2 of article 7 of the Constitution of 1869, which authorized the boards of supervisors to fix county levies, did not restrain the General Assembly from creating the town of Saltville, in Washington county, a separate taxing district, and relieving property in the town from all taxation for maintaining the county roads outside of the town, upon condition that it maintain its own streets.

Any possible confusion which may arise from a comparison of isolated expressions of this court from time to time grows out of the failure to distinguish between county levies and other special taxes levied by boards of supervisors. While, in a general sense, all such taxes are either county or district levies, at the same time the words "county

levy," as generally used in this State, mean the tax levied upon the property of the taxpayers of the county for the purpose of paying the general county expenses, such as the salaries of county officials, the maintenance of courthouses, and those general expenses by which all of the citizens of the county are benefited, whether they live in an incorporated town constituting a part of the county or outside of such town.

The question decided in *Day* v. *Roberts, supra,* arose under these circumstances: The General Assembly undertook to amend the charter of the town of Smithfield, providing that property therein should not only be exempt from poor rates, road tax and school tax, but also from the county expenses for any year, provided the town should, at its own expense, provide for its poor and maintain its own streets. The board of supervisors did not undertake to levy any poor rates or any road tax upon the property located in the town of Smithfield, but did undertake to subject that property to the county levy for general county purposes, and also levied a school tax. No question was raised in that case, either in this court or in the court below, as to the validity of the charter so far as it undertook to exempt the taxpayers of Smithfield from poor rates and road tax. This court decided that the legislature had no power to exempt property in a town within the limits of a county and forming a part thereof from county school taxes or county levies, as distinguished from district levies. This language is used by Judge Buchanan in delivering the opinion of the court: "Constitutional provisions similar to the one now under consideration have frequently been before the courts. The settled construction placed upon them is that uniform taxation requires uniformity not only in the rate of taxation, and in the mode of assessment upon the taxable valuation, but that uniformity must be coextensive with the territory to which it applies. If a tax is imposed by the State,

it must be uniform over the whole State; if by a county, city or town, or other subordinate district, the tax must be uniform throughout the territory to which it is applicable. *Knowlton* v. *Board of Supervisors,* 9 Wis. 410, 420-1; *Bright* v. *McCullough,* 27 Ind. 223 230 ;*Exchange Bank, &c.* v. *Hines,* 3 Ohio St. 15; *Sleight* v. *People,* 74 Ill. 47; *Dyar* v. *Farmington,* 70 Me. 515; *Hutchinson* v. *Osark Co.,* 57 Ark. 554, 22 S. W. 173, 38 Am. St. Rep. 258; *Pine Grove, &c.* v. *Talcott,* 19 Wall. 676, 22 L. Ed. 227; Cooley on Tax (2nd ed.) 244, 141; Cooley's Const. Lim. (6th ed.), 610; I Desty on Tax., sec. 35, p. 173; Burroughs on Taxation, 61 and 62."

In Cooley on Taxation (3rd ed.) p. 234, the general rule is thus stated: "When the nature of the case does not conclusively fix it, the power to determine what shall be the taxing district for any particular burden is purely a legislative power, and not to be interfered with or controlled, except as it may be limited or restrained by constitutional provision."

The "territorial limits of the authority levying the tax," within which the taxes, under section 168 of our Constitution, must be uniform, corresponds with the taxing district lawfully prescribed for the peculiar benefit of which such taxes are levied and collected. Thus, while the board of supervisors has authority to impose county levies for county purposes upon all property located in the county, still under the Constitution itself (section 111) the territorial limits of its authority to levy uniform district taxes is confined to the limits of the particular magisterial district for the benefit of which the taxes are imposed, and they may and do levy varying rates in different districts in the same county.

Previous to the case of *Day* v. *Roberts, supra,* it had been decided in *Robertson* v. *Preston,* 97 Va. 296, 33 S. E. 618, that section 8 of article 8 of the Constitution of 1869, conferred upon each county the right to levy a tax upon prop-

erty for the benefit of the public free schools, which the General Assembly had no power to take away; and *Day* v. *Roberts,* as to the county school tax, is simply in accord with that previous decision.

*Campbell* v. *Bryant,* 104 Va. 516, 52 S. E. 638, arose after the adoption of the Constitution of 1902. The charter of the town of Madison Heights in that case was held to be invalid because of various constitutional inhibitions against special legislation. It attempted to exempt persons residing in the proposed town of Madison Heights from the payment of certain taxes to the county of Amherst, in violation of section 168 of the Constitution, and this court followed *Day* v. *Roberts* in declaring that the legislature had no right to exempt property located in the town from the general county levies, using the words "county levies" in contradistinction to district levies.

In *Moss* v. *County of Tazewell,* 112 Va. 878, 72 S. E. 945, this court, construing section 168 of the Constitution of 1902, sustained an act of the General Assembly providing for the issuance of county bonds for permanent road improvement, and authorizing the county to levy a special tax upon all property liable for State taxes lying in the magisterial district within which the proceeds of the bonds had been or were to be expended, to pay interest and create a sinking fund to redeem the principal at maturity. That act creates such district a separate taxing district for that specific purpose.

These cases are all consistent with each other, as well as in accord with the decisions in other jurisdictions.

The board of supervisors of Prince Edward county are prohibited by the very act under which they claim authority from levying any county road tax upon property located within the corporate limits of the town of Farmville, which maintains its own streets, while they are expressly authorized by the same act to impose the county levy upon such

property.  The fair construction of this section is that the legislature has created separate taxing districts in the county of Prince Edward for the purpose of levying road or street taxes.  The town of Farmville is a separate taxing district for this purpose; and so much of the territory of the county of Prince Edward as lies without the limits of the town is another taxing district.  The authority of the legislature to create special taxing districts for taxing purposes is supreme, unless expressly prohibited by the Constitution. The general underlying principle, then, is that those who receive the benefits of the taxation may be required to pay such taxes.  Taxes levied for general county purposes must be paid by all of the citizens of the county, and the board of supervisors may not discriminate between the citizens of the different sections of the county, while certain taxes required by law to be expended in certain defined localities of the county can be levied only upon the property located in those localities.  Hence, in each county of the State there are magisterial districts in which the property is subject to certain district taxation, which must be uniform within such district, but the rates of taxation vary in the different districts.  Code, sec. 944-a (12).  So there are certain outlying sections of territory recently added to cities or towns in which certain rates of taxation prevail temporarily, different from the rates of taxation imposed upon other property which was already located within the municipality, previous to such territorial extension.

This record shows that the board of supervisors recognized the validity of that statute which it now attacks as violative of the uniformity clause of the Constitution (section 168), by levying a district road tax of 20 cents on the $100 of taxable value upon property in Farmville magisterial district outside of the town of Farmville, upon the ground that such property in the town of Farmville was exempt from such district road levy.  For the very same

reason that the property in Farmville is exempt from the district road levy on property in Farmville magisterial district outside of the town, it is also exempt from county road taxes, namely, because it is required by law to maintain its own streets and has for that purpose been by the legislature created a taxing district separate from the county of Prince Edward. While the legislature cannot separate the town of Farmville from the county of Prince Edward for the purpose of exempting it from the county levy, there is nothing in the Constitution to prevent such separation for the purpose of creating it a separate taxing district for maintaining its own streets.

This cause has been rightly decided, and the decree will be affirmed.

*Affirmed.*