# Richmond

ROBERT WOOLFOLK, COMMISSIONER OF REVENUE, ET AL. V.
A. B. DRIVER, ET AL.

March 3, 1947.

Record No. 3152.

Present, Holt, C. J., and Hudgins, Gregory, Eggleston, Spratley and
Buchanan, JJ.

The opinion states the case.

*George D. Gibson* and *John W. Riely*, for the plaintiffs in error.

*C. O'Conor Goolrick*, for the defendants in error.

HOLT, C. J., delivered the opinion of the court.

The Town of Bowling Green in Caroline county was incorporated by an Act of the Assembly, Extra Session 1902-3-4, chapter 144, p. 132. It is there provided that its property "shall not be subject to any county tax," unless authorized by a majority of its inhabitants qualified to vote. This Act was approved April 10, 1903.

The charter of the Town of Port Royal in that county contains no such exemption.

The Board of Supervisors of said county under authority conferred by section 288 of the Tax Code entered this order:

"It is ordered that for the payment of county levy for the year ending June 30, 1946, that there be collected a county levy for general purposes of twenty-five cents on

each one hundred dollars value of all real estate and tangible personal property, including stocks of merchandise, (except in the towns of Bowling Green and Port Royal) to be collected and paid out by the Treasurer for county purposes, on warrants or checks drawn by the clerk of this board, signed by the chairman and countersigned by the clerk of this board and it is ordered that the Commissioner of the Revenue enter upon his books a levy of one dollar on each one hundred dollars value of all real estate and tangible personal property, including stocks of merchandise for school purposes."

At that time section 168 of our Constitution was in effect, and still is. It reads:

"Sec. 168. Taxable property; taxes shall be uniform as to class of subjects and levied and collected under general laws.—All property, except as hereinafter provided, shall be taxed; all taxes, whether State, local or municipal, shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and collected under general law."

For a number of years the Board of Supervisors of Caroline county has been laying annual levies in substantially these words, which were used in the levy for 1945-1946:

"It is ordered that for the payment of the county levy for the year ending June 30, 1946, that there shall be collected a county levy for general purposes of twenty-five cents on each one hundred dollars value of all real estate and tangible personal property, including stocks of merchandise, (except in the towns of Bowling Green and Port Royal) to be collected and paid out by the Treasurer for county purposes, on warrants on checks drawn by the clerk of this board, signed by the chairman and countersigned by the clerk of this board, and it is ordered that the commissioner of revenue enter upon his books a levy of one dollar on each one hundred dollars value of all real estate and tangible personal property, including stocks of merchandise for school purposes."

These exemptions bestowed upon the Towns of Bowling

Green and Port Royal are not only void, but they might as well never have been written.

In the light of what has been said, certain citizens and taxpayers of Caroline county petitioned its court to direct its Commissioner of Revenue to so extend his books as to contain county levies against said towns, something which had not theretofore been done.

Certain citizens of Caroline county, and presumably citizens of these towns, answered that petition, and denied the right of the court to order any assessment against these municipal corporations for general county purposes. To that answer the petitioners demurred. That demurrer was sustained and judgment entered directing that the levy be extended for the years 1942, 1943, 1944 and 1945 against all of the real estate and tangible personal property in the towns both of Bowling Green and of Port Royal, as required by sections 421 and 422 of the Tax Code.

In the construction of statutes, we undertake to make them workable if possible.

If these unconstitutional and void provisions in the county levy make those levies void, then all levies for county purposes levied since 1903 are void; and in that manner bring about intolerable confusion. If these void provisions as applied to county levies are valid, then to that extent these towns have escaped all taxation since 1903 and will continue to escape until the Legislature sees fit to change the law. And this in violation of the flat mandate of the Constitution which makes taxation uniform.

This problem might appear in different forms.

Magisterial District No. 1 in said county might have been exempted from general county levies. Indeed, this exemption might have been applied in this wise: The Legislature and the Board of Supervisors might have decreed that John Smith's farm in that magisterial district be not taxed for county purposes, and John Smith's farm would have continued to escape taxation until the Legislature and the Board of Supervisors saw fit to bring it back into the fold.

Certainly the levy of taxes is a legislative function

which it can and does sometimes delegate to boards of supervisors. But that function is subject to this constitutional limitation: It must be uniform on any class of property.

What is the effect of these void legislative provisions?

"It is only when different clauses of an act are so dependent upon each other that it is evident the legislature would not have enacted one of them without the other—as when the two things provided are necessary parts of one system—that the whole act will fall with the invalidity of one clause. When there is no such connection and dependency, the act will stand, though different parts of it are rejected." *Huntington* v. *Worthen*, 120 U. S. 97, 7 S. Ct. 469, 30 L. Ed. 588. See also, *Stillman* v. *Lynch*, 56 Utah 540, 192 P. 272, 12 A. L. R. 552; *Northwestern Mut. Life Ins. Co.* v. *Lewis & Clarke County*, 28 Mont. 484, 72 P. 982, 98 Am. St. Rep. 572.

This is the test set out by the Supreme Court in the *Huntington Case:*

Can it be said that the Legislature would have refused to provide for a general levy in Caroline county if it could not include the exemptions noted? We think not. We find no error in the record.

Appellants have filed an elaborate petition. It has been answered in detail by Judge Leon M. Bazile in an opinion which is a part of the record. It meets with our approval, and we adopt it:

"This cause arises out of a petition filed December 29, 1945, for a writ of mandamus against the Commissioner of the Revenue for Caroline county and the treasurer thereof, brought by taxpayers of Caroline county residing outside of the Town of Bowling Green praying that the Commissioner of the Revenue be required to extend the county levy laid for Caroline county against the real estate and tangible personal property located in the Towns of Bowling Green and Port Royal.

"The facts are not in dispute. Some years ago, Acts 1902-3-4, the charter of the Town of Bowling Green was amended so as to provide for the exemption of real estate

and personal property from the payment of any part of the general county levy, Section 7, Chapter 144, Acts 1902-3-4, Ex. Sess. Acting under authority of this statute all property in the Town of Bowling Green has escaped the payment of the county levy since about 1904.

"For the last five years, the Board of Supervisors of Caroline County has been laying annual levies in substantially these words which were used in the levy for 1945-1946:

" 'It is ordered that for the payment of the County levy for the year ending June 30, 1946, that there shall be collected a County levy for general purposes of twenty-five cents on each one hundred dollars value of all real estate and tangible personal property, including stocks of merchandise, (except in the towns of Bowling Green and Port Royal) to be collected and paid out by the Treasurer for County purposes, on warrants on checks drawn by the Clerk of this Board, signed by the Chairman and countersigned by the Clerk of this Board, and it is ordered that the Commissioner of the Revenue enter upon his books a levy of one dollar on each one hundred dollars value of all real estate and tangible personal property, including stocks of merchandise for school purposes.'

"Except for the change of the year, all of the levies for the last five years were substantially in the above words.

"It is recognized by both sides that the charter provision exempting property real and personal in the Town of Bowling Green from liability for the general county levy is unconstitutional and void. Section 168 of the Constitution; *Day* v. *Roberts* (1903), 101 Va. 248, 251-52 and 253, 43 S. E. 362; *Campbell* v. *Bryant* (1905), 104 Va. 509, 515-16, 52 S. E. 638; *Supervisors* v. *Saltville Land Co.* (1901), 99 Va. 640, 645, 39 S. E. 704 and *Watkins* v. *Barrow* (1917), 121 Va. 236, 239-40, 92 S. E. 908. This question is so well settled by section 168 of the Constitution and the above cited authorities construing this section, or one similar to it, that no good purpose would be served by quotation from these authorities.

"This brings us to the issue in the case. It is conceded

by counsel for the defendants that the laying of a county levy is a legislative act. 27 Am. & Eng. Enc. of L. (2nd Ed.), title Taxation, pp. 729-30; *Sussex County* v. *Jarratt* (1921), 129 Va. 672, 684, 106 S. E. 384, 627; *McGinnis* v. *Nelson County* (1926), 146 Va. 170, 174, 135 S. E. 696; *Richmond* v. *Eubank* (1942), 179 Va. 70, 83, 18 S. E. (2d) 397; *Williams* v. *Richmond* (1941), 177 Va. 477, 14 S. E. (2d) 287, 134 A. L. R. 833 and *Meriwether* v. *Garrett* (1880), 102 U. S. 472, 26 L. Ed. 197, 200.

"Counsel for the petitioners contend that the exception contained in the several levies here involved, namely, 'It is ordered that for the payment of the county levy * * * that there shall be collected a county levy for general purposes of twenty-five cents on each one hundred dollars of value of all real estate and tangible personal property, including stocks of merchandise (except in the towns of Bowling Green and Port Royal) * * * ', etc., is void, and being void should be stricken out of the legislative act laying the levy so that the county levy laid for the years involved in this proceeding would read as the above language would read if the exception as to the towns of Bowling Green and Port Royal was stricken out of each of the several levies. It is admitted by counsel for the defendants that the exception is void as being in conflict with section 168 of the Constitution, but it is contended the exception evidences a legislative intent not to impose the county levy on property in the towns of Bowling Green and Port Royal and the entire levy is void, and being void, under the decision of the court in *Sussex* [*County*] v. *Jarratt* (1921), 129 Va. 672, 106 S. E. [384], 627, the board of supervisors is without authority to levy the tax for years previous to 1946-1947, and the board being without that authority and no levy having been laid on property in said towns, the court has no greater power than the board has at the present time.

"This argument would be sound if the board of supervisors had failed to lay a county levy for the three years preceding 1945-1946. *Sussex* [*County*] v. *Jarratt, supra.*

"It will be recalled that in that case the board of super-

visors of Sussex county failed to lay any levy on bank stock as they were authorized to do. In a later year, the board attempted to lay a levy on bank stock for the several preceding years in which the law had authorized such a levy. The court held that the board having failed to lay a levy on bank stock could not do so for any year after the time for making the levy had expired.

"This case differs from *Sussex* [*County*] v. *Jarratt, supra*, in that pursuant to the mandate contained in section 111 of the Constitution and section 288 of the Tax Code the board of supervisors of Caroline county did lay a general county levy for the several years involved in this proceeding. The trouble is that in violation of section 168 of the Constitution they tried to except from that levy the property located in the two towns in the county.

"It is the duty of this court to strike from the acts laying the several general county levies the exceptions contained therein as to the towns of Bowling Green and Port Royal, which exceptions clearly violate the provisions of section 168 of the Constitution and are, therefore, void and of no effect.

"It is argued, however, that when the court does this, the necessary result of that action is to render invalid and void each of the general county levies laid by the Board of Supervisors of Caroline county in which this invalid and void exception is contained.

"The rule that controls the action of this court in this case is thus laid down in *Hannabass* v. *Maryland Cas. Co.* (1938), 169 Va. 559, 568-9, 194 S. E. 808, in which the authorities on this question are collected and reviewed, and the rule clearly set forth. The court speaking through Mr. Justice Gregory said: 'The true rule is laid down in *Strawberry Hill Land Corp.* v. *Starbuck*, 124 Va. 71, 97 S. E. 362, 364, where Judge Prentis speaking for the court said: "The rule is that an act may be valid in one part, and invalid in another, and if the invalid is severable from the remainder, that invalid part may be ignored, if after such elimination the remaining portions are sufficient to accomplish their

purpose in accordance with the legislative intent; and that only if the void portion is the inducement to the passage of the Act, or is so interwoven in its texture as to prevent the statute from becoming operative in accordance with the will of the legislature is the whole statute invalid."

" 'In *Bertram* v. *Commonwealth*, 108 Va. 902, 62 S. E. 969, 971, the court quoted the following from prior Virginia cases: "A statute may be constitutional in some of its provisions and unconstitutional in others, but if the parts can be so separated as that each can stand as the will of the legislature, the good does not perish with the bad." But when the good cannot be separated from the bad and leave standing an act which represents the intent of the legislative body, the rule laid down in *Black* v. *Trower*, 79 Va. 123, applies. There it is said that "when the valid part is so connected with and dependent on that which is void, as that the parts are not distinctly separable, so that each can stand alone, as the will of the legislature the whole must fall." (Citing authorities).

" 'Other cases are *Lambert* v. *Smith*, 98 Va. [268], 269, 38 S. E. 938; *Danville* v. *Hatcher*, 101 Va. 523, 44 S. E. 723; *Miller* v. *Pulaski*, 109 Va. 137, 63 S. E. 880, 22 L. R. A. (N. S.) 552; *Narrows* v. *Board of Sup'rs*, 128 Va. 572, 105 S. E. 82; *Chesapeake, etc., Canal Co.* v. *Great Falls Power Co.*, 143 Va. 697, 129 S. E. 731; *Breckenbridge* v. *County School Board*, 146 Va. 1, 135 S. E. 693; *Poindexter* v. *Greenhow*, 114 U. S. 270, 5 S. Ct. 903, 962, 29 L. Ed. 185, and *Smith* v. *Thompson*, 219 Iowa 888, 258 N. W. 190.

" 'In *Chicago, etc., Ry. Co.* v. *Minneapolis*, D. C., 238 F. 384, 402, the court said: "It is true that statutes and ordinances may be and sometimes are held by the courts valid in part and invalid in part. The test is, has the legislative body manifested an intention to deal with a part of the subject matter covered irrespective of the rest of the subject matter? If such intention is manifest the subject matter is separable, otherwise not." '

"A more clear, complete and able statement of the rule by

which the court must be governed in this case cannot be found in the books.

"The legislative acts of the board of supervisors of Caroline county which are involved in this litigation are as follows: 'It is ordered that for the payment of (the) county levy for the year ending .... that there be collected a county levy for general purposes of twenty-five cents on each one hundred dollars value of all real estate and tangible personal property, including stock of merchandise, (except in the towns of Bowling Green and Port Royal) to be collected and paid out by the treasurer for county purposes, on warrants or checks drawn by the clerk of this board, signed by the chairman and countersigned by the clerk of this board. * * * '

"The exception as to the towns of Bowling Green and Port Royal is invalid, and void. Section 168 of the Constitution. This exception is clearly severable from the remainder of the legislative acts of the board of supervisors. Indeed the board separated it from the rest of the language of its several acts by parenthesis. It is clear that after such elimination, the remaining portions are sufficient to accomplish their purpose in accordance with the legislative intent which was to lay a general county levy for Caroline County, as it was clearly required to do by the provisions of section 111 of the Constitution of Virginia and by section 288 of the Tax Code.

"It is perfectly obvious that the county government could not function without the annual county levy. It was the mandatory duty of the board of supervisors of Caroline county to levy a general county levy each year 'on all property within the county segregated by law for local taxation', etc. Tax Code, section 288.

"The attempted exception of property in the towns of Bowling Green and Port Royal from the county levy was clearly a minor consideration with the board of supervisors, based upon a mistaken belief as to the validity of section 7 of the charter of Bowling Green (chapter 144, Acts

1902-3-4, Ex. Sess.). The main and dominant intent of the board was to order a general county levy which the law clearly required the board to order. It is clear that the void portion of the order (the exclusion of property in the towns of Bowling Green and Port Royal) was not the inducement to the act laying the general county levy. The board of supervisors was under the mandatory duty of laying a general county levy each year. Section 111 of the Constitution and section 288 of the Tax Code. If the board had failed to perform this duty each year, its members would have been subject to ouster under section 2705 of the Code for gross neglect of official duty. Clearly the law which compelled the board of supervisors to lay a general county levy and the language used by the board in its several orders when the void portions are stricken out manifests an intention to levy and order a general county levy on all real estate and tangible personal property, including stocks of merchandise in Caroline county irrespective of the exception, and when the exception is removed from the several orders 'the remaining portions are sufficient to accomplish their purpose in accordance with the legislative intent' which was to levy and order a general county levy.

"For the foregoing reasons it is held that section 7 of the charter of Bowling Green (chapter 144, Acts of 1902-3-4, Ex. Sess.) as far as it attempts to exempt property in said town from liability for the county levy, is unconstitutional and void as being in conflict with section 168 of the Constitution; that the exception as to the towns of Bowling Green and Port Royal in the several county levies for Caroline county are for the same reason unconstitutional and void; that the dominant purpose and intent of the board of supervisors in laying the general county levy was to order a general county levy; that the exception of the towns of Bowling Green and Port Royal is clearly severable from the rest of the language of the order and with the invalid portion stricken out is complete and with definite certainty levies and orders a general county levy on all property in

Caroline county, including the towns of Bowling Green and Port Royal, subject to local taxation.

"The prayer of the petition will, therefore, be granted and a writ of mandamus will be awarded against the defendant Robert Woolfolk, commissioner of the revenue, requiring him to extend the county levy for the years 1942, 1943, 1944 and 1945 against all the real estate in the towns of Bowling Green and Port Royal in the manner required by section 422 of the Tax Code and to assess all tangible personal property including stocks of merchandise in said towns for each of said years; as required by law together with penalties and interest as required by law; and against the defendant George W. Dorsey, treasurer, requiring him to collect all of such taxes so extended and assessed together with the penalties and interest fixed by law."

*Affirmed.*