January 26, 1953.

Record No. 4016.

Present, All the Justices.

The opinion states the case.

*Robert Lewis Young, Oscar L. Shewmake, John C. Goddin,* for plaintiff in error.

*J. Elliott Drinard, W. S. Cudlipp, Jr.,* for defendant in error.

SPRATLEY, J., delivered the opinion of the court.

East Coast Freight Lines, hereinafter referred to as appellant, applied to the Chancery Court of the City of Richmond

for the correction of an assessment of local taxes upon its tangible personal property for the year 1950, and for the refund of $1540 which it had paid thereon. The trial judge, in a written opinion, held that the assessment by the City was valid, and denied a refund of the taxes paid. Judgment was entered accordingly. Appellant excepted and we granted this writ of error.

The facts are without dispute.

Appellant is a public service corporation, incorporated under the laws of Virginia in 1933. It is, and has been since that year, a common carrier by motor vehicle of freight for compensation, with its principal office in Richmond, Virginia. Engaged exclusively in interstate commerce, it operates under a certificate of public convenience and necessity, issued by the Interstate Commerce Commission of the United States; but does not hold such a certificate from the State Corporation Commission of Virginia, since it does not engage in intrastate commerce. It does hold a certificate of authority, issued by the State Corporation Commission, as distinguished from a certificate of public convenience and necessity applicable to a motor carrier engaged in intrastate commerce.

The tax under consideration is an *ad valorem* tax levied upon tangible property assessed at a valuation of $70,000, consisting of the items of $57,000 for rolling stock, $6,000 for furniture and fixtures, and $7,000 for value of inventory.

Since 1933 the State of Virginia has levied upon appellant, and still levies upon it, a gross mileage road tax, measured by a proportion of its gross receipts (§ 58-638 Code of Virginia, 1950) and an annual tax on its gross receipts from business within this State, (Code § 58-665). Until 1950 appellant made to the State Corporation Commission the reports required by Code, §§ 58-618 to 58-626, and paid into the State Treasury the taxies levied by the said Commission upon its rolling stock, consisting of motor trucks, tractors and trailers. Assessments on its tangible personal property, except rolling stock, were made by the city of Richmond for the years 1935 through 1949, with the exception of the year 1944, and the taxes thereon paid to the city. Some of the assessments made by the city were based on returns made by appellant, including the year 1949, when the returns were signed by appellant's president. No assessments have ever been made by the State Corporation

Commission on the real estate of the appellant or on its tangible personal property other than its rolling stock, and the last assessment of its rolling stock by the Commission was for the year 1949.

In 1950, appellant filed a report with the Commission on a form provided by the latter listing the various items of its rolling stock. The Commission returned this report to the appellant, advising it that in view of an Act of the General Assembly of Virginia, approved April 5, 1950, amending Article 11 of Chapter 12, Title 58, Code of 1950, by the addition of § 58-626.1, it would not assess appellant's rolling stock for the year 1950 or for future years.

Upon receipt of that information from the Commission, the city of Richmond requested appellant to report to its Commissioner of Revenue an itemized statement of all its rolling stock located in the city, together with such information as would enable it to arrive at its fair market value for asssessment by the city. Upon appellant's refusal to make such a report, the city made the assessment under review and presented the appellant with a tax bill in the amount of $1540. This amount was paid under protest and this proceeding subsequently instituted.

■ Appellant contends that since it is a public service corporation, other than a railway or canal corporation, and is subject to a tax measured by a proportion of its gross receipts, any assessments on its property, real or personal, for taxation is required by § 169 of the Constitution of Virginia to be made by the State Corporation Commission or other central State agency; that under § 171 of the Constitution, the rolling stock of public service corporations is segregated for, and made subject to State taxation only; and that the assessment is in violation of the Commerce Clause of the United States Constitution (Clause 3 of § 8 of Article 1) because it constitutes an unjustifiable burden on interstate commerce and is in contravention of § 1 of the Fourteenth Amendment to the Federal Constitution, since it discriminates against interstate commerce in favor of intrastate commerce, in that no such local tax is imposed on common carriers of property by motor vehicle engaged in intrastate commerce in Virginia.

We will first take up the question as to tangible property other than rolling stock. Section 58-9, Code of 1950, provides

that: "All taxable real estate and all taxable tangible personal property and the tangible personal property of public service corporations, *except rolling stock of corporations operating railroads by steam,* and also the capital of merchants are hereby segregated and made subject to local taxation only." (Italics added.)  Code, 1919, § 2205; Acts 1926, page 955; Acts 1928, page 36; Tax Code, § 7.

Section 58-864, Code of 1950, requires each commissioner of revenue to ascertain and assess all personal property not exempt from taxation in his county or city, on the first day of January in each year, except as otherwise provided by law.

Section 2.02 (a) of Charter of the city of Richmond (Acts 1948, page 177) authorizes the cty to levy and collect *ad valorem* taxes on real estate and tangible personal property, machinery and tools.

Section 10.103 of Chapter 10 of the Richmond City Code of 1937, as amended, levies on each $100 of the assessed value of all tangible personal property a tax of $1.45 for general purposes and 75¢ for school purposes.

The foregoing statutory provisions clearly justify the assessment of all tangible property of appellant by the city of Richmond.  This brings us to the constitutional and statutory provisions relating to the taxation of rolling stock.

Section 171 of the Constitution provides: "No State property tax for State purposes shall be levied on real estate or tangible personal property, except the rolling stock of public service corporations.  Real estate and tangible personal property, except the rolling stock of public service corporations, are hereby segregated for, and made subject to, local taxation, only, and shall be assessed or reassessed for local taxation in such manner and at such times as the General Assembly has heretofore prescribed, or may hereafter prescribe, by general laws."

A tax on rolling stock of motor vehicle carriers was first imposed by Chapter 339, Acts of Assembly, 1932, which provided that: "Every motor vehicle carrier holding a certificate issued by the State Corporation Commission shall report annually on or before the first day of March to the State Corporation Commission: (a) All its rolling stock," etc.

Provisions of that Act included motor vehicle carriers engaged in both intrastate and interstate commerce, because in 1932, they were all required to have a certificate issued by the

State Corporation Commission of Virginia. In the case of an intrastate carrier, the certificate was designated as a certificate of public convenience and necessity, and in the case of a purely interstate carrier, it was designated as a certificate of authority.

In 1936, (Acts of Assembly, 1936, page 761), the language of the Act was changed to read as follows: "Every certificated motor vehicle carrier operating in this State shall report annually on or before the first day of March to the Commission: (1) All of its rolling stock * * *."

This Act now appears as § 58-618, Article 11, Chapter 12, Code of Virginia, 1950.

Section 58-624 of Article 11, Chapter 12, Code of 1950, provides that: "No local property levies shall be imposed on the property taxed by this article."

This method of taxing rolling stock was in effect from and after 1932, and was applied to the rolling stock of appellant from the date of its incorporation until 1950.

In 1950, the General Assembly amended Article 11 of Chapter 12 by enacting a new section 58-626.1, Acts 1950, page 660, which reads as follows:

"As used in this article the expression 'certificated motor vehicle carrier' means a common carrier by motor vehicle operating over regular routes under a certificate of public convenience and necessity issued by the Commission."

Appellant was therefore no longer subject to the tax on rolling stock prescribed by Article 11 of Chapter 12, Code of 1950, for the reason that it does not operate under a certificate of public convenience and necessity issued by the State Corporation Commission. The prohibition of Code, § 58-624 was no longer applicable to the property of appellant.

■ Section 168 of the Constitution requires that all property except as otherwise provided, shall be uniformly taxed. It authorizes the General Assembly to define and classify taxable subjects, and, except as to classes of property expressly segregated for either State or local taxation, by the Constitution, to "segregate the several classes of property so as to specify and determine upon what subjects State taxes, and upon what subjects local taxes may be levied."

Section 169 of the Constitution, so far as pertinent, reads as follows: "Except as hereinafter provided all assessments of real estate and tangible personal property shall be at their

fair market value, to be ascertained as provided by law. So long as the State shall levy upon any public service corporation, other than a railway or canal corporation, a State franchise, license, or other tax, based upon or measured by its gross receipts, or gross earnings, or any part thereof, its real estate and tangible personal property shall be assessed by the State Corporation Commission, or other central State agency, in the manner prescribed by law. * * *.''

The second sentence of § 169 was inserted when the Constitution was amended in 1928, and extended to other public service corporations the principles of taxation theretofore applicable to railway or canal corporations. Assessment and taxation of railroad and canal companies by the State Corporation Commission were specifically provided in § 176, as they were in the Constitution of 1902.

The amendment of 1928 set up a dual method of taxation, a franchise tax calculated on gross transportation receipts of railway and canal corporations (§ 177 of the Constitution), a value not reflected in the assessment of the physical properties of such corporations, and an *ad valorem* tax on their physical properties (§ 169 of the Constitution). From this development arose the present system of assessing other public service corporations, subject to a franchise or license tax, with additional taxes measured by gross receipts. See *City of Richmond v. Commonwealth*, 188 Va. 600, 619, 50 S. E. 2d 654, for a detailed history of the purpose and effect of the various constitutional and statutory provisions relating to franchise or license taxes measured by gross receipts.

This brings us to a consideration of appellant's contention that under § 171 of the Constitution relating to the segregation of realty and tangible personal property for local taxation, its rolling stock is subject to state taxation only.

The learned trial judge had this to say in analysis of that section:

''The first sentence prohibits State taxation on real estate and tangible personal property, 'except the rolling stock of public service corporations.' The second sentence segregates for local taxation only, real estate and tangible personal property, 'except the rolling stock of public service corporations.' I am forced to the construction that these two exceptions of rolling stock necessarily mean that rolling stock is not the subject of

segregation at all. The exceptions of it in each of the two sentences is construed to my mind as equivalent to this: That § 171 of the Constitution might be written precisely as it now stands without mention in either sentence of any exception, and then the whole provision might be followed by 'provided, however, that rolling stock of public service corporations is not affected by this section.' "

We concur in the opinion of the trial judge, "that rolling stock of public service corporations is not the subject of any constitutional segregation," and that no statutory segregation of rolling stock of a corporation of the character of the appellant has been pointed out. The only statutory segregation provided is that contained in § 58-9, Code of 1950, which segregates the rolling stock of railroads operated by steam, and § 58-624, which is, as we have pointed out, inapplicable to appellant because of § 58-626.1. Thus, we find in the Code sections hereinbefore cited ample statutory authority for the imposition by the locality of an *ad valorem* tax against the rolling stock and other tangible personal property of appellant.

The next question is whether the assessment by the city of Richmond is prohibited by § 169 of the Constitution, because the road tax based on gross receipts, (§ 58-638), paid by appellant is a tax within the meaning of the words "or other tax" found in § 169.

At first blush it might appear that the literal meaning of the three words, "or other tax" would bring the appellant within the provisions of the second sentence of § 169. However, the three words must be considered in the light of their setting; and the sentence in which they are contained must be construed with regard to the substance and purpose of the law, not alone to its form and language.

"The letter of a statute should not be allowed to destroy its spirit and purpose." *Norfolk Southern Ry. Co.* v. *Lassiter*, 193 Va. 360, 368, 68 S. E. 2d 641; *Tabb* v. *Commonwealth*, 98 Va. 47, 56-7, 34 S. E. 946, 949, 51 L. R. A. 283; and *The Atlantic and Danville Railway Company, et al.* v. *Hooker, et al.*, 194 Va. 496, 74 S. E. 2d 270, decided today.

Words are the signs by which men declare their intention to one another. They vary in color and meaning according to the circumstances and conditions under which they are used. Therefore, it is often necessary that they be expanded or quali-

fied to effectuate the intention of the speaker or writer. The books are filled with countless examples of flexibility in construction to carry out intentions and prevent absurdities.

Mr. Justice Holmes, in *Towne v. Eisner*, 245 U. S. 418, 425, 62 L. Ed. 372, 376, had this to say about words: "A word is not a crystal, transparent and unchanged; it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used."

The road tax assessed under § 58-638, Code 1950, is a levy on every person who operates or causes to be operated motor vehicles in the manner set out in that section; that is, a tax for the use of the highways, expressly set apart for the maintenance and construction of roads. *Savage v. Commonwealth*, 186 Va. 1012, 1019, 45 S. E. 2d 313. It is not a franchise or license tax as such terms generally are used in our Code, nor is it levied on public service corporations as such. Natural persons using the highway for the same purposes are liable as well for the tax. It bears no resemblance to franchise and license levies imposed on public service corporations for the privilege of conducting their business. Its compensatory nature negatives any relation to a franchise or license tax, *eo nomine*.

All of the authorities agree, under the rule of *ejusdem generis*, that where general words follow an enumeration of persons or things by words of a particular and specific meaning, the general words are not to be construed in their widest extent; but are to be held as applying only to persons or things of the same general kind or class as those specifically mentioned. In other words, general words in such a situation are to be restricted to a sense analogous to the less general. *Noscitur a sociis* applies,—they are known by their associates. *Rockingham Cooperative Farm Bureau v. Harrisonburg*, 171 Va. 339 344, 198 S. E. 908.

We find no merit in the contention that the assessment here complained of is in violation of § 168 of the Constitution of Virginia, the Commerce Clause of the Federal Constitution, or the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

In the first place, the refund sought is an *ad valorem* tax imposed by the city on property having its situs within the borders of the city and subject to local taxation. The fact that the property assessed belongs to a corporation engaged solely

in interstate commerce, and is used to carry on its interstate business, does not make the imposition of the tax a violation of the Commerce Clause of the Federal Constitution. The applicable principle is well stated in 51 Am. Jur., Taxation, § 807, page 725:

"The interstate commerce clause of the Federal Constitution does not prevent the imposition by a state of ordinary property taxes upon the property of corporations engaged in interstate commerce, where such property has a taxable situs within the borders of the taxing state, even though such property is itself used in carrying on the corporation's interstate business. The latter principle finds its most frequent applications in connection with such items of property as ships, railroad rolling stock, telephone and telegraph poles and wires, and bridges."

■ Nor do we think that Code, § 58-626.1, violates § 168 of the Virginia Constitution, which requires that all taxes "shall be uniform upon the same class of subject within the territorial limits of the authority levying the tax." As the city points out, "the territorial limits of the authority levying the tax here complained of are the limits of the city of Richmond, while the territorial limits of the authority levying the rolling stock tax imposed on other motor vehicle carriers by Article 11, Chapter 12 of Title 58, Code of Virginia, 1950, are the limits of the Commonwealth. One is a State levy and the other is municipal." See *Watkins* v. *Barrow*, 121 Va. 236, 92 S. E. 908.

That the legislature has power to adopt different classifications for tax purposes is well settled. *Va. Elec. & P. Co.* v. *Commonwealth,* 169 Va. 688, 194 S. E. 775; *Caskey Baking Co.* v. *Commonwealth of Virginia,* 313 U. S. 117, 121, 61 S. Ct. 881, 85 L. Ed. 1223.

The legislature has in its discretion classified the rolling stock of motor vehicle carriers which operate over fixed routes under certificates of convenience and necessity issued by the State Corporation Commission, in one group, and those which operate differently in another. The rights, duties and obligations of appellant, operating solely under authority of the Interstate Commerce Commission, are materially different from those imposed upon carriers which operate over regular routes under certificates of convenience and necessity issued by the State Corporation Commission.

No evidence has been presented to show that the classification made is arbitrary, discriminatory or unreasonable. Appellant is included in the class of a large number of taxpayers whose automobiles, tractors, trucks and trailers are assessed by the city in the same manner, and taxed at the same rate as that imposed on the property of appellant.

In *Fredericksburg* v. *Sanitary Grocery Co.*, 168 Va. 57, 66, 190 S. E. 318, quoting from *Bradley & Co.* v. *Richmond*, 110 Va. 521, 526, 66 S. E. 872, 874, we said:

"In order to render the classification illegal, the party assailing it must show that the business discriminated against is precisely the same as that included in the class which is alleged to be favored."

Moreover, it should not be overlooked that § 169 of the Virginia Constitution has been in effect since 1928, a period of more than twenty-three years. The State Corporation Commission has never assessed any tangible personal property of appellant, or others similarly situated, except their rolling stock· as specifically provided by the Act of 1932, page 606, Article 11 of Chapter 12, Code of 1950, which Act ceased to be operative as to appellant, in 1950, upon the enactment of Code, § 58-626.1. With the exception of one year, the tangible personal property of appellant, other than its rolling stock, has been assessed by the city of Richmond since 1935, and the tax paid by appellant without objection. These actions of the Commission and the City, over a long course of years, show the practical construction given to the provisions of law involved by the taxing authorities, a construction acquiesced in by appellant.

"The practical construction given to a constitutional provision by public officials and acted upon by the people is likewise entitled to great weight. *Hunton v. Commonwealth, supra,* 166 Va. at page 242, 183 S. E. at page 878; *Commonwealth* v. *Stringfellow,* 173 Va. 284, 289, 4 S. E. 2d 357, 359." *Roanoke* v. *Michael's Bakery Corp.,* 180 Va. 132, 143, 21 S. E. 2d 788. See also *Savage* v. *Commonwealth, supra,* 186 Va. at page 1021.

For the foregoing reasons we are of opinion to affirm the judgment of the trial court.

*Affirmed.*