## CIRCUIT COURT OF FAIRFAX COUNTY

FFW Enterprises

    v.

Fairfax County et al.

June 5, 2009

Case No. CL-2008-13918

BY JUDGE JANE MARUM ROUSH

This matter came on for a hearing on April 3, 2009, on the parties' cross-motions for summary judgment. At that time, the court took the motions under advisement. I have now had the opportunity to consider fully the pleadings, the joint stipulation of admitted facts, and the arguments of counsel. For the reasons stated below, plaintiff's Motion for Summary Judgment will be denied, while defendants' Motion for Summary Judgment will be granted.

*Background*

In this case, the plaintiff is challenging the constitutionality of two Virginia statutes authorizing the taxation of real property. The plaintiff is FFW Enterprises, a partnership (the "plaintiff or "FFW"). The defendants are Fairfax County and the Board of Supervisors of Fairfax County (collectively, the "County").

The plaintiff owns commercially-zoned real property located in Fairfax County. The property has been assessed additional taxes imposed by Fairfax County as authorized by both Va. Code § 58.1-3221.3 (in that the property is within the geographical area of the Northern Virginia Transportation Authority) and Va. Code § 33.1-435 (in that the property is in a special transportation district).

Va. Code § 58.1-3221.3(B) was adopted by the General Assembly in 2007. In summary, that statute permits all counties and cities embraced by the Northern Virginia Transportation Authority to assess a tax, the proceeds of which are dedicated to local transportation improvements, on real property zoned or used for commercial and industrial uses. Residential property is not subject to the tax. Pursuant to the authority of Va. Code § 58.1-3221.3(B), the County assessed a tax of 11 cents per $100 of value on all commercial and industrial property in the County. It is stipulated that the County followed all statutory procedures in adopting the transportation tax at issue in this case. FFW's real property is subject to the tax. FFW paid all such taxes assessed for tax year 2008.

Virginia Code § 33.1-431 was adopted by the General Assembly in 2001. That statute permits a county with a population of more than 500,000[1] to create a transportation district if certain requirements are met. One of the requirements is that landowners within the proposed transportation district must petition the county and ask that the district be created and that property in the district be taxed. It is stipulated that the County followed all applicable requirements in establishing the transportation district at issue in this case. Va. Code § 33.1-435 permits the county to impose a special improvements tax on real property zoned for commercial or industrial use (or used for such purposes), as well as on taxable leasehold interests located within the transportation district so created. Revenues raised by this tax are either to be dedicated to transportation improvements within the district or are to be paid to the Commonwealth Transportation Board. Va. Code §§ 33.1-432 and 33.1-436. Pursuant to Va. Code § 33.1-435, the County created the Phase I Dulles Rail Transportation Improvement District (the "Phase I District"). The purpose of the Phase I District is to fund the extension of the Orange Line of Metrorail from Falls Church to Reston. The County imposed a special improvement tax of 22 cents per $100 of value for all property within the Phase I District that is either zoned or used for commercial or industrial purposes and all taxable leasehold interests within the Phase I District. It is stipulated that the County followed all the statutory procedures in adopting the special improvement tax for the Phase I District. Residential property located within the Phase I District is not subject to the special improvements tax. FFW owns property in the Phase I District subject to the special improvements tax. FFW paid all such taxes assessed for tax years 2006 to 2008.

---

[1] Fairfax County is the only county in Virginia with a population of over 500,000.

In this suit, FFW challenges both statutes as violating the Constitution of Virginia and seeks reimbursement of the amounts paid pursuant to both assessments. Specifically, FFW contends that Va. Code §§ 58.1-3221.3 and 33.1-435 violate the "uniformity requirement" of Article X, § 1, of the Constitution of Virginia because they authorize assessment of additional taxes on only commercial or industrial property and not residential property. FFW argues that these exemptions cause the two statutes on their faces to violate the uniformity clause. The County responds that the two statutes comport with the uniformity requirement of the Constitution.

*Legal Standard for Summary Judgment*

Summary judgment is appropriate when there are no disputed issues of material fact. Rule 3:20. In this case, the parties agree that there are no material facts in dispute. The parties submitted a "Joint Stipulation of Admitted Facts" to the court.

*Constitutional and Statutory Provisions at Issue*

Article X, § 1, of the Constitution provides in pertinent part:

> All taxes . . . shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, except that the General Assembly may provide for differences in the rate of taxation to be imposed upon real estate by a city or town with all or parts of areas added to its territorial limits. . . .

The same section authorizes the General Assembly to "define and classify taxable subjects." *Id.*

Fairfax County, acting pursuant to Va. Code § 58.1-3221.3(B), opted to impose a tax on all commercial and industrial property located in the County, rather than create districts within the County as permitted by § 58.1-3221.3(D). Va. Code § 58.1-3221.3(A) provides that all "real property used for or zoned to permit commercial or industrial uses is . . . declared to be a separate class of real property for local taxation." Further, such classification of real property "shall exclude all residential uses and multifamily residential uses, including but not limited to single family residential units, cooperatives, condominiums, townhouses, apartments, or homes in a subdivision when leased on a unit by unit basis even though these units may be part of a larger building or parcel of real estate containing more than four residential units." *Id.*

The second statute at issue is Va. Code § 33.1-435. This statute defines and classifies the property within each transportation district that is subject to the tax and provides that a county may levy and collect a tax on "taxable real estate zoned for commercial or industrial use . . . and upon taxable leasehold interests in that portion of the improvement district within its jurisdiction."

The only issue in this case is whether either Va. Code § 58.1-3221.3 or Va. Code § 33.1-435, on its face, violates the uniformity requirement of the Constitution.

## Applicable Law

There is a strong presumption in favor of the constitutionality of statutes. *Town of Ashland v. Board of Supervisors*, 202 Va. 409, 416, 117 S.E.2d 679, 684 (1961); *Hunton v. Commonwealth*, 166 Va. 229, 236, 183 S.E. 873, 876 (1936). Indeed, "[t]here is no stronger presumption known to the law than that which is made by the courts with respect to the constitutionality of an act of Legislature." *Whitlock v. Hawkins*, 105 Va. 242, 248, 53 S.E. 401, 403 (1906). Any reasonable doubt as to the constitutionality of a statute must be resolved in favor of its constitutionality, and "[o]nly where it is plainly in violation of the constitution may the court so decide." *Almond v. Gilmer*, 188 Va. 822, 834, S.E.2d 272, 276 (1949).

When challenging the legality of an assessment:

[T]he burden of proof shall be upon the taxpayer to show that the property in question is valued at more than its fair market value or that the assessment is not uniform in its application, or that the assessment is otherwise invalid or illegal, but it shall not be necessary for the taxpayer to show that intentional, systematic, and willful discrimination has been made.

Va. Code § 58.1-3984.

The uniformity requirement mandates uniformity only within a particular class of taxable subjects. Va. Const., art. X, § 1. *R. Cross, Inc. v. City of Newport News*, 217 Va. 202, 206, 28 S.E.2d 113, 116 (1976); *East Coast Freight Lines v. City of Richmond*, 194 Va. 517, 526-27, 74 S.E.2d 283, 289 (1953). Further, Article X, § 1, of the Constitution authorizes the General Assembly to "define and classify taxable subjects." These classifications "may be with respect to the subjects of taxation generally, the kinds of property to be taxed, the rates to be levied or the

amounts to be raised, or the methods of assessment, valuation, and collection." *City of Richmond v. Commonwealth*, 188 Va. 600, 605, 50 S.E.2d 654, 656 (1948).

A legislative classification must be sustained if it rests on "any reasonable basis." *Commonwealth v. Whiting Oil Co.*, 167 Va. 73, 78, 187 S.E. 498, 500 (1936). A classification may not be arbitrary, discriminatory, or unreasonable. *East Coast Freight Lines v. City of Richmond*, 194 Va. 517, 527, 74 S.E.2d 283, 289 (1953). Distinctions between things that are treated differently by legislative classifications need not be great. *City of Richmond v. Commonwealth*, 188 Va. at 607, 50 S.E.2d at 657.

## Discussion

In contending that the two statutes at issue in this case violate the uniformity requirement of the Constitution, FFW relies heavily on the case of *City of Hampton v. Insurance Co. of North America*, 177 Va. 494, 14 S.E.2d 396 (1941). In that case, the Virginia Supreme Court invalidated a tax imposed on certain insurers issuing fire insurance policies in the City of Hampton. Revenues from the tax were to be used for a fireman's relief fund to benefit injured firemen and their families. The amount of the tax was measured by the gross premiums of each fire insurance policy. There was no suggestion, however, that those properties protected by the taxable insurance policies would receive any preferential treatment or additional service from the Hampton Fire Department. The Court noted that a property that has no fire insurance or is underinsured would get at least as good a response from the fire department as a fully insured property. The general public as a whole would also benefit from the tax.

The Supreme Court framed the issue as:

> [A]re there others, who are benefited as much or more than those smarting under the tax imposition, who go unwhipped of its burden?

*Id.* at 498, 14 S.E.2d at 397. The Court concluded that the tax was based on "a classification founded upon benefits bestowed" and, thus, "uniformity is non-existent." *Id.* at 499, 14 S.E.2d at 397.

In this case, FFW maintains that residential property owners in Fairfax County will benefit as much or more than commercial or industrial property owners from transportation improvements funded by the taxes at issue. FFW argues that, because residential property owners "go unwhipped" of the burden of the taxes, the taxes are not uniform.

The court is not persuaded that the *City of Hampton* case mandates that FFW be awarded summary judgment. First, in the nearly seven decades since the Virginia Supreme Court decided *City of Hampton*, it has never cited the case again for any proposition. Moreover, Plaintiff has not cited a single Virginia case decided after *City of Hampton* in which the Supreme Court adopted the reasoning of the case and applied a similar "benefit-burden" test in deciding the validity of a taxation statute. Finally, while *City of Hampton* has never been overruled, its facts are sufficiently different from the facts of this case that the court does not find it to be binding precedent.

Nonetheless, even if the benefit-burden test of *City of Hampton* applied to this case, the court finds that there is nothing in the record to support the plaintiff's argument that residential property owners will be benefited by the proceeds of the transportation taxes "as much if not more" than commercial and industrial property owners. In fact, there is evidence to the contrary. In the petition of affected property owners asking the County to establish the Phase I District, the petitioners alleged that "landowners of industrially and commercially zoned property and of taxable leasehold interests along the proposed rail extension corridor for the first phase of construction would *benefit specially* from the extension of rail service to Dulles Airport." Joint Stipulation of Admitted Facts, Ex. 2, p. 3 (emphasis added).

For this court to invalidate the legislative classification of property for taxation purposes, there must be no rational basis for the classification. The County has posited several conceivable rational bases for the classifications in this case:

> For example, the General Assembly may have believed that commercial and industrial property would benefit disproportionately from the transportation improvements to be made using tax revenues (as the landowners requesting creation of the Phase I District asserted in their Petition), perhaps because such improvement might enable more intense commercial and industrial uses than otherwise would be possible and thus potentially could result in more significantly increased commercial and industrial property values. The General Assembly may have believed that residents would share indirectly in the costs of transportation improvements by a tax levied only on commercial and industrial property, in that they would pay higher prices for goods and services because the owners of such properties likely would attempt to recover the cost of the additional tax burden from customers and tenants,

and thus to impose the tax on residential properties would result in a form of undesirable double taxation of residents. The General Assembly may have believed that because of the potential opportunity for owners of commercial and industrial properties to pass at least some of the cost of the additional tax burden on to others, such properties could more easily, fairly, and equitably bear that burden.

Defendants' Memorandum in Support of Summary Judgment at 13 (internal citations omitted). It is not the County's burden, however, to prove that there is a rational basis for the classification. The burden rests upon the challenger of a tax classification to prove that no reasonable basis for that classification can be conceived. FFW has failed to meet that burden.

## Conclusion

For the foregoing reasons, the plaintiff's motion for summary judgment will be denied and the defendants' motion for summary judgment will be granted.