## CASKEY BAKING CO., INC. *v.* VIRGINIA.

No. 676.   Argued April 2, 1941.—Decided April 28, 1941.

*Messrs. R. Gray Williams* and *Clarence E. Martin,* with whom *Messrs. J. Sloan Kuykendall* and *Clarence E. Martin, Jr.* were on the brief, for appellant.

*Mr. Abram P. Staples,* Attorney General of Virginia, with whom *Mr. W. W. Martin,* Assistant Attorney General, was on the brief, for appellee.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

The appellant, a corporation of West Virginia, has its principal office and place of business in Martinsburg, in that State. As a foreign corporation registered in Virginia, it has paid the latter State an annual registration fee and an income tax on its net profits allocable to its

Virginia business. It makes bread which it sells to grocers and other retailers in territory adjacent to Martinsburg, including Winchester and other places in Virginia. Appellant's trucks carry the bread into Virginia where they serve regular routes at regular intervals. The drivers call only on regular customers, inquire of each how much bread he needs and, in response to his order, take it from the truck and deliver it to the customer. Thus each such transaction in Virginia is a sale and delivery in that State to a regular customer.

The company has no property permanently located in Virginia and no place of business in the State, except that, as required by the statute respecting registered foreign corporations, it maintains an office in the State where claims against it may be audited, settled, and paid.

The appellant was convicted for making a sale in Virginia without having procured a license pursuant to § 192b[1] of the Tax Code of Virginia and a fine was imposed. The Supreme Court of Appeals affirmed the conviction.[2]

So far as material the statute provides: "There is hereby imposed an annual State license tax on every person, firm and corporation (other than . . . a manufacturer taxable on capital by this State, or a distributor of manufactured goods paying a State license tax on his purchases) who or which shall peddle goods, wares or merchandise by selling and delivering the same at the same time to licensed dealers or retailers at other than a definite place of business operated by the seller. Provided, however, this act shall not be construed to apply to wholesale dealers regularly licensed by this State, and who shall at the same time sell and deliver merchandise

---

[1] Acts of Virginia, 1932, p. 376, 1938, p. 440; Va. Tax Code, 1936, 192b, Michie, p. 2458, 1940 Supp. 472.

[2] 176 Va. 170, 10 S. E. 2d 535.

to retail merchants." The annual fee is $100 for each vehicle used in the business.

It is admitted that appellant was not a manufacturer taxable on its capital stock, nor a distributor of manufactured products paying a state license tax on its purchases, nor a licensed wholesale dealer, and did not, therefore, come within any of the classes exempted by the Act.

In the state courts, and here, the appellant challenged the statute as contravening the commerce clause and the equal protection clause of the federal Constitution. Its position is that it is doing either an interstate business which the State may not burden by imposing a license tax, or an intrastate business as to which the exaction works a forbidden discrimination. We hold both contentions untenable.

1. While the transportation of bread across the state line is interstate commerce, that is not the activity which is licensed or taxed. The purely local business of peddling is what the Act hits, and this irrespective of the source of the goods sold. It is settled that such a statute imposes no burden upon interstate commerce which the Constitution interdicts.[3] The appellant, however, urges that the Act discriminates against interstate commerce by exempting from its operation the privilege of sales by manufacturers paying tax on their capital employed in manufacture in Virginia. It is said that if its bakery were situate in Virginia the appellant would have the benefit of this exemption and, since it is not, the marketing of appellant's goods shipped into the State is the target of a hostile discrimination. But the argument overlooks the fact that peddlers resident in Virginia who buy their goods within the State, or buy or procure them

---

[3] *Machine Co.* v. *Gage,* 100 U. S. 676; *Emert* v. *Missouri,* 156 U. S. 296; *Wagner* v. *Covington,* 251 U. S. 95.

from extra-state sources, are alike subject to the Act. The contention that the Act discriminates against interstate commerce by virtue of the exemption in question is negatived by our decisions.[4]

2. Examination of the Tax Code of Virginia discloses that the Act in question is but one portion of a comprehensive scheme of taxation. Manufacturers who sell their own products pay a tax on capital, which the State deems sufficient to cover all their activities, including the vending of the goods.[5] Wholesale merchants who have a fixed place of business pay a license tax measured by a percentage of all their purchases; and if they are also licensed by the town or city in which they have their place of business or, in lieu thereof, are taxed by such town or city on the capital employed in the business, they may sell and deliver at the same time and place anywhere in the State without payment of any additional license tax.[6] Every distributing house, whether operated by a manufacturer or wholesaler, for distributing goods amongst the owner's retail stores, must be licensed and pay the same tax as if it were a wholesaler.[7] Retail merchants [8] and peddlers at retail [9] must be licensed and pay license taxes,—the former a percentage of the value of his purchases and the latter a fixed annual fee. Those who have no fixed place of business, who peddle their wares only to licensed dealers or retailers at the places of business of the latter, fall into none of the described classes. As the court below points out, were it not for

---

[4] *Armour & Co. v. Virginia,* 246 U. S. 1, and cases therein cited.

[5] Tax Code of Virginia, 1936, §§ 73, 188, Va. Code, 1936, Michie, pp. 2416, 2451.

[6] Tax Code of Virginia, § 188, Va. Code, 1936, Michie, pp. 2451–2452.

[7] *Ibid.*

[8] *Ibid.*

[9] *Id.,* § 192, Va. Code, 1936, Michie, p. 2457.

§ 192b, such peddlers would be the only vendors in Virginia to escape some form of taxation.

Peddlers at wholesale are not entitled to be licensed and taxed on the same basis as other vendors, as respects either form or amount. As we have repeatedly held, the equal protection clause of the Fourteenth Amendment does not prevent a State from classifying businesses for taxation or impose any iron rule of equality.[10] Some occupations may be taxed though others are not. Some may be taxed at one rate, others at a different rate. Classification is not discrimination. It is enough that those in the same class are treated with equality. That is true here.

*Affirmed.*

---

[10] *State Board of Tax Commissioners* v. *Jackson*, 283 U. S. 527, 537, and cases cited.