# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

SEABOARD FINANCE CORPORATION v. COMMONWEALTH
OF VIRGINIA.

June 10, 1946.

Record No. 3064.

Present, All the Justices.

The opinion states the case.

*Walter M. Evans*, for the plaintiff in error.

*Abram P. Staples, Attorney General,* and *W. W. Martin, Assistant Attorney General,* for the Commonwealth.

CAMPBELL, C. J., delivered the opinion of the court.

This writ of error was granted for the purpose of reviewing a judgment of the Hustings Court of the city of Rich-

mond, wherein the trial court denied the prayer of petitioner for the correction and refund of the State income tax for the year 1943, and dismissed the case. The amount of money involved in the case is $1,832.72.

Upon the trial, counsel for the appellant and the Commonwealth entered into the following stipulation of facts:

"Counsel for the plaintiff, Seaboard Finance Corporation, and for the defendant, Commonwealth of Virginia, hereby stipulate and agree that the following constitute all of the facts in this proceeding and are to be considered by the Court in lieu of the introduction of any evidence by either of the parties hereto; but each party reserves the right to object to the admissibility of any of the hereinafter stipulated facts, upon such grounds as the objecting party may assign:

"1. The said plaintiff, Seaboard Finance Corporation, the applicant in this proceeding, and which is hereinafter referred to as the 'applicant,' is a Delaware Corporation and has been domesticated and is authorized to engage in business in the State of Virginia, and it has operated an office in the city of Richmond, Virginia, since the year 1937, and is at present engaged in business in said City and State. The Company is engaged in the small loan business and is licensed to engage in that type of business in Virginia.

"2. For the tax year 1928, applicant's predecessor corporation, the Seaboard Small Loan Corporation, with the approval of the State Tax Commissioner, filed State Tax Returns of capital and income under the provisions of Section 73 and Chapter 6, respectively, of the Tax Code of Virginia, and paid the taxes assessed pursuant to such returns. For the tax year 1928, the said predecessor corporation, with the approval of the State Tax Commissioner, did not file a return of moneyed capital coming into competition with the business of national banks, under section 77 of the Tax Code, nor was the corporation assessed with taxes under said section.

"3. For the tax year 1929, the said Seaboard Small Loan Corporation electing to file, with the approval of the State

Tax Commissioner, a State Tax Return of moneyed capital coming into competition with the business of national banks, under the provisions of Section 77 of the Tax Code of Virginia, and paid the taxes assessed pursuant to said return. For the tax year 1929, the said Seaboard Small Loan Corporation, with the approval of the State Tax Commissioner, did not file State Tax Returns of capital and income under the provisions of Section 73 and Chapter 6, respectively, of the Tax Code of Virginia, and was not assessed with State Tax on capital and income pursuant to said section and chapter.

"4.  For the tax years 1930-1937, both inclusive, the said Seaboard Small Loan Corporation, with the approval of the State Tax Commissioner, continued to file State Tax Returns of moneyed capital coming into competition with the business of national banks, under the provisions of Section 77 of the Tax Code, and to pay the State taxes assessed pursuant to such returns.  For the said tax years, the said Seaboard Small Loan Corporation, with the approval of the State Tax Commissioner, did not file State Tax Returns of capital and income under the provisions of Section 73 and Chapter 6, respectively, of the Tax Code, and was not assessed with State taxes under the said section and chapter.

"5.  During the year 1937, applicant acquired the Virginia business of the Seaboard Small Loan Corporation, and for the tax years 1938-1942, both inclusive, applicant filed, with the approval of the State Tax Commissioner, State Tax Returns of moneyed capital coming into competition with national banks, under provisions of Section 77 of the Tax Code, and paid the taxes assessed pursuant to such returns. The tax paid by applicant for the tax year 1942 on moneyed capital coming into competition with the business of national banks under the provisions of Section 77 of the Tax Code of Virginia amounted to Six Thousand Five Hundred Ninety Dollars ($6,590.00).  For the tax years 1938-1942, both inclusive, applicant, with the approval of the State Tax Commissioner, did not file State Tax Returns of capital and

income under the provisions of Section 73 and Chapter 6, respectively, of the Tax Code of Virginia, and was not assessed with State taxes under the provisions of said section and chapter.

"6. For the tax year 1943, applicant elected, with the approval of the State Tax Commissioner, to file State Tax Returns of capital and income under the provisions of Section 73 and Chapter 6, respectively, of the Tax Code of Virginia, and paid the taxes assessed pursuant to such returns. The State income tax for tax year 1943 paid by applicant amounted to One Thousand Eight Hundred Thirty-two Dollars and Seventy-two Cents ($1,832.72), which tax was measured by the income received by the applicant during the year 1942; and the State tax on capital for the tax year 1943 assessed under the provisions of section 73 of the Tax Code amounted to Three Thousand Eight Hundred Eighteen Dollars and Four Cents ($3,818.04). For the tax year 1943, applicant, with the approval of the State Tax Commissioner, did not file a return of moneyed capital coming into competition with the business of national banks, under section 77 of the Tax Code, and was not assessed with taxes under such section."

It is assigned as error that:

"The Trial Court erred in failing to hold that Section 77 of the Tax Code of Virginia prohibited the levy and assessment of income taxes in 1943, on the net income received by Petitioner in 1942 upon the moneyed capital of the Petitioner on which it paid taxes under Section 77 of the Tax Code in 1942."

Section 77 of the Tax Code reads as follows:

"All moneyed capital coming into competition with the business of national banks; provided, that bonds, notes or other evidences of indebtedness in the hands of individual citizens not employed or engaged in the banking or investment business and representing merely personal investments not made in competition with such business shall not be deemed moneyed capital within the meaning of this section.

"On all moneyed capital defined by this section there is hereby annually levied a tax at the same rate as is assessed upon the shares of national banks located in this State, to-wit, a tax of one dollar on every one hundred dollars of the value thereof, less deduction on account of real estate otherwise taxed in this State, to the same extent and under the same corresponding conditions as such deduction is allowed in the assessment of such shares of national banks located in this State.

"No income tax shall be levied or assessed upon the net income of the moneyed capital taxed by this section, any other provisions of the laws of this State notwithstanding.

"In computing moneyed capital under this section, the same rules and methods enacted by chapter eight of the Tax Code of Virginia on the subject of banks, banking associations and trust companies shall be followed as far as possible, and sections sixty-nine, seventy, seventy-one, seventy-two and seventy-three of the Tax Code of Virginia, as amended, shall not be in any way applicable in computing such moneyed capital.

"This section, hereby amended, shall be in force on and after the first day of January, nineteen hundred and twenty-nine." (Acts 1928, p. 738).

The contention of appellant is based primarily on the provision of section 77 of the Tax Code that "No income tax shall be levied or assessed upon the net income of the moneyed capital taxed by this section * * * ."

It is forcefully argued that since appellant paid its income tax for the year 1942, under section 77, it should not be required to pay the 1943 tax assessed, for the reason that the measure of the tax was its 1942 income.

This argument is unsound.

The stipulation of facts clearly shows that for several years prior to 1943 appellant filed its tax returns under the "moneyed capital" method and did not in a single instance file a return of "capital not otherwise taxed" under the provisions of section 73 of the Tax Code, nor did it file an

income tax return under the provisions of chapter 6 of the Tax Code. It is further shown by the agreed statement of facts that appellant, in the year 1943, "elected" to file returns of "capital not otherwise taxed," and income under the provisions of section 73 of the Tax Code.

It is a cardinal rule of construction that statutes dealing with a specific subject must be construed together in order to arrive at the object sought to be accomplished.

In construing section 77 of the Tax Code, it seems clear that it was the intention of the Legislature to provide that when a business is taxed for any year on "moneyed capital coming into competition with the business of national banks," it shall not be taxed with an income tax for that year.

Section 5219 of the Revised Statutes of the United States, 12 U. S. C. A. sec. 548, demands that moneyed capital coming into competition with national banks must bear the same burden as the capital of such banks.

It is true that when a tax is assessed against a general corporation on the same basis as a national bank for any year, it is not required to pay an income tax for that same year. However, when appellant elects to be taxed on income and capital as other corporations, it will not be permitted to assume the status of a national bank in order to escape tax liability for 1943 as a commercial corporation.

The contention of appellant that the income tax assessed in 1943 should be measured by the income received during the calendar year 1943, is untenable.

In *Hunton* v. *Commonwealth*, 166 Va. 229, 183 S. E. 873, this court disposed of a similar contention in this language: " * * * the (income) tax assessed in 1928, while measured by * * the 1927 income is, nevertheless, a tax for the year 1928 and not for the year 1927."

The stipulation demonstrates that since the year 1928 appellant and its predecessor, Seaboard Small Loan Corporation, were taxed on "moneyed capital" under section 77 of the Tax Code, and were not taxed on income and capital under chapter 6 and section 73 of the Tax Code for the corres-

ponding years. This construction of the statute by the State Tax Commissioner was acquiesced in by appellant and its predecessor without protest.

It is a cardinal rule that the administrative construction of a statute is entitled to great weight.

In *South East Pub. Service Corp.* v. *Commonwealth*, 165 Va. 116, 181 S. E. 448, Mr. Justice Eggleston said:

"In *Smith* v. *Bryan*, 100 Va. 199, 204, 40 S. E. 652, 654, Judge Whittle said: 'So, also, the practical construction given to a statute by public officials, and acted upon by the people, is not only to be considered, but, in cases of doubt, will be regarded as decisive. It is allowed the same effect as a course of judicial decision. The legislature is presumed to be cognizant of such construction, and, when long continued, in the absence of legislation evincing a dissent, the court will adopt that construction.' "

The construction adopted by the tax commissioner for a long period of years, and acquiesced in by appellant and its predecessor, merely results in placing appellant on the same plane as any other commercial corporation and exacts from it the same taxes as a national bank pays in the years in which it is taxed as a national bank.

The language employed by Judge Kelly in *Richmond* v. *Drewry-Hughes Co.*, 122 Va. 178, 90 S. E. 635, 94 S. E. 989, is most apposite: " * * * if it be conceded that the question is a doubtful one, then we should give due weight to the interpretation placed upon these statutes by that branch of the executive department of the State which is specially charged with the duty of construing and effectuating their provisions."

Our conclusion is there is no error in the judgment complained of and it is, therefore, affirmed.

*Affirmed.*

HUDGINS, EGGLESTON and SPRATLEY, JJ., concur in result.