# Cox Cable Hampton Roads, Inc.

### v.

# City of Norfolk

Record No. 930062

January 7, 1994

Present: All the Justices

*Robert D. Seabolt (James C. Roberts; Mays & Valentine,* on briefs), for appellant.

*M. Wayne Ringer (Jack E. Greer; Christopher R. Papile; Philip R. Trapani, City Attorney; Daniel R. Hagemeister, Deputy City Attorney; Williams, Kelly & Greer,* on brief), for appelle.

JUSTICE WHITING delivered the opinion of the Court.

In this case, we decide whether a city tax violated a taxpayer's rights guaranteed under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.[1]

In 1990, the City of Norfolk imposed a seven percent tax upon cable television service billings. Because vendors that supplied television service through Satellite Master Antenna Television (SMATV) systems were not subjected to the tax, Cox Cable Hampton Roads, Inc. (Cox Cable) filed this suit against the City, contending that the tax violated its Equal Protection rights.

In *Cox Cable Hampton Rds., Inc. v. City of Norfolk,* 242 Va. 394, 410 S.E.2d 652 (1991) (*Cox Cable I*), we reversed the trial court's judgment that sustained the City's demurrer to Cox Cable's Equal Protection claims. We noted that Cox Cable's bill of complaint

alleged that SMATV and cable television services are virtually identical; that the City imposes a tax on cable television but does not tax SMATV, and, thus, the tax ordinance creates a classifica-

---

[1] The Equal Protection Clause provides in part that no state shall "deny to any person . . . the equal protection of the laws." U.S. Const. amend. XIV, § 1.

tion which does not rest on real differences; that the distinction does not have relevance to the purpose for which the classification is made; and that the different treatments are arbitrary.

*Id.* at 402-403, 410 S.E.2d at 656. We held that these allegations entitled Cox Cable to a trial on the merits of the Equal Protection claim, and we remanded the case for trial.[2]

Upon remand, after hearing the evidence and arguments of counsel, the trial court rejected Cox Cable's Equal Protection claim. Cox Cable appeals.

We must now decide whether Cox Cable's proof supported its allegations. Basic principles control our decision. Every statute and ordinance carries a strong presumption of constitutionality. *Heublein, Inc. v. Dept. of Alcoholic Beverage Control,* 237 Va. 192, 195, 376 S.E.2d 77, 78 (1989) (statute); *Town of Ashland v. Board of Supervisors,* 202 Va. 409, 416, 117 S.E.2d 679, 684 (1961) (ordinance).

■ Since the challenged classification does not infringe upon a fundamental right or create a suspect class, we apply the rational basis test in deciding whether Norfolk's tax ordinance survives an Equal Protection challenge.[3] *King v. Virginia Birth-Related Neurological Injury Compensation Program,* 242 Va. 404, 411, 410 S.E.2d 656, 661 (1991). In applying the test, we consider whether any state of facts reasonably may be conceived for the statutory classification in which Cox Cable has been placed. Id. at 411, 410 S.E.2d at 661; *Ballard v. Commonwealth,* 228 Va. 213, 217, 321 S.E.2d 284, 286 (1984), *cert. denied,* 470 U.S. 1085 (1985).

■ In dealing with Equal Protection challenges to tax legislation, we have said:

Recognizing that the states possess broad power to classify . . . for purposes of taxation, the Supreme Court has held that equal protection does not compel identity of treatment but "only requires that the classification rest on real and not feigned differences, that the distinction have some relevance to the purpose

---

[2] We affirmed the judgment of the trial court that sustained the City's demurrer to Cox Cable's claims that (1) the City lacked the power to impose the tax, *Cox Cable I,* 242 Va. at 398, 410 S.E.2d at 654, and (2) the tax ordinance violated its freedom of speech rights under the First Amendment to the Constitution of the United States or Article I, § 12 of the Virginia Constitution. *Id.* at 401, 410 S.E.2d at 655-56.

[3] On brief, Cox Cable attempts to invoke a "heightened scrutiny" test in our review of the tax ordinance. We do not consider this argument because it was not made in the trial court. Rule 5:25.

for which the classification is made, and that the different treatments be not so disparate, relative to the difference in classification, as to be wholly arbitrary". *Walters v. City of St. Louis, Mo.,* 347 U.S. 231, 237 (1954). If the classification is reasonable and not arbitrary, uniformity and equality are not required. *It is not necessary that legislative classifications be perfect, and a statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.*

*City of Portsmouth v. Citizens Trust Co.,* 216 Va. 695, 698, 222 S.E.2d 532, 534 (1976) (citations omitted) (emphasis added). And it is the taxpayer's burden to show that the challenged classification in tax legislation is unreasonable or arbitrary. *Cole v. Commonwealth,* 169 Va. 868, 882, 193 S.E. 517, 522 (1937); *Commonwealth v. Whiting Oil Co.,* 167 Va. 73, 78, 187 S.E. 498, 500 (1936). If the methods and character of businesses differ, such differences may be a valid basis for a tax classification. *Bradley v. City of Richmond,* 227 U.S. 477, 483-85 (1913); *City of Fredericksburg v. Sanitary Grocery Co.,* 168 Va. 57, 64-65, 190 S.E. 318, 321 (1937); *Richmond Linen Supply Co. v. City of Lynchburg,* 160 Va. 644, 648, 169 S.E. 554, 555 (1933), *aff'd,* 291 U.S. 641 (1934).

With these principles in mind, we turn to the facts, which are undisputed. Cox Cable provides television service through a "closed transmission path." Most of Cox's programs are transmitted from satellites to seven "dishes" owned by Cox Cable in the City of Virginia Beach. The programs are then "intergraded" with other types of channels, inserted on a trunk cable, and transmitted to smaller "feeder" cables for ultimate transmission and distribution to Cox's subscribers. These cables are located on telephone and electric power poles along city streets and underground, pursuant to a nonexclusive franchise from the City. If Cox's customer has a "cable-ready" television set, Cox provides the customer with access to many of its cable signals, including signals from seven local channels out of an approximate total of forty available channels, simply by connecting a feeder cable to the customer's set.

On the other hand, SMATV vendors supply television service through an "open transmission path." A customer of SMATV service can receive a signal from the SMATV satellites only by installing a dish upon the customer's premises, with appropriate converters to "unscramble" the signals from the SMATV satellites. A subscriber of SMATV cannot gain access to local channels without installing a separate television antenna.

Cox Cable furnishes the internal distribution systems for its hotel and apartment subscribers at Cox Cable's expense. Hotel and apartment SMATV subscribers furnish and pay for their own internal distribution systems, although the SMATV vendors may be involved in modifying and upgrading the systems and paying a part of that expense.

Cox Cable contends that the City has no rational basis for taxing its activities because Cox Cable and SMATV vendors furnish similar programs to their respective subscribers. We do not agree.

We hold that a rational basis exists because Cox Cable and SMATV vendors utilize different transmission methods to supply their programs, and this difference justifies the tax distinction. Cox Cable's franchise enables it to use utility facilities along the City's streets in its transmission system. Thus, it can furnish television service without the necessity of the additional equipment SMATV viewers must provide upon their premises. Additionally, Cox Cable can also offer local programming through its system while SMATV vendors cannot.

In our opinion, these differences provide a rational basis for the distinction between the taxation of Cox Cable's billings to its subscribers and the nontaxation of SMATV vendors' billings to their subscribers. Accordingly, we conclude that the City's tax did not violate Cox Cable's rights under the Equal Protection Clause. Therefore, the judgment of the trial court will be

*Affirmed.*