## CIRCUIT COURT OF CAMPBELL COUNTY

Campbell County

v.

Altavista Lifesaving
and First Aid Crew, Inc.

October 11, 2007

Case No. CL06000559-00

BY JUDGE J. MICHAEL GAMBLE

I am writing this to rule on the motion for summary judgment and motion to dismiss of the defendant ("Altavista"). In this regard, the motions are overruled on the issue of whether there is any enabling authority for Campbell County to adopt Article III, Chapter 10, of the Campbell County Code. The motion is sustained on the issue of whether Campbell County can bill for the services of Altavista and collect the proceeds from such billing.

On June 4, 1952, Altavista was incorporated through a charter issued by the State Corporation Commission of Virginia. It was chartered as a non-stock, non-profit organization to render lifesaving and first aid treatment. It has functioned in that capacity from that time until the present. Campbell County adopted Article III, Chapter 10, of its Code on November 21, 2005 and adopted amendments thereto on September 5, 2006. A copy of Article III is attached as Exhibit A to the complaint. In the complaint, Campbell County cites the following Code sections as authority for the adoption of this ordinance: §§ 32.1-111.14, 27-8.1, 15.2-955, and 27-23.6. After reviewing the various portions of the Code related to Emergency Medical Service Departments ("EMS"), I have concluded that Va. Code §§ 32.1-111.14 and 27-14 provide the primary general authority for the adoption of Article III.

Va. Code § 27-14 expressly allows a governing body to make ordinances "in relation to the powers and duties of fire/EMS departments." As discussed further below, this is limited to an EMS company or department formed pursuant to Va. Code § 27-8.

Va. Code § 32.1-111.14 establishes the authority of governing bodies to regulate emergency services. Further, subparagraph A establishes the powers of the local governing body with respect to permitted or franchised agencies. Under Va. Code § 32.1-111.14(A)(1) and (8) the governing body is specifically allowed to enact ordinances and regulations. Subparagraph B of § 32.1-111.14 sets forth the powers of the governing body when it provides, causes to be provided, or contracts for emergency services.

In accordance with Va. Code § 32.1-111.14, Article III grants permits to various fire and rescue organizations in Campbell County, permits to furnish emergency medical services. This complies with Va. Code § 32.1-111.14(A)(2). The other provisions of Article III are well within the authority of Campbell County to enact ordinances and regulations regulating EMS companies and departments granted by Va. Code §§ 32.1-111.14(A)(8) and 27-14.

The second issue, and the issue that seems to be of most concern to Altavista, is whether Campbell County can bill for Altavista's services and collect the proceeds from such billing. Altavista maintains, in essence, that this power is not specifically authorized by state law, nor implied by state law.

Va. Code § 32.1-111.14(A)(2) requires a governing body to grant a franchise or permit to any agency that has continuously operated since June 28, 1968. Altavista, of course, meets this requirement. Further, Article III of the ordinance grants to Altavista a permit to provide emergency services.

The provisions of Va. Code § 32.1-111.14(A) do not, however, grant to the governing body the authority to bill for emergency medical services. It allows, among other things, for the governing body to limit the number of emergency services vehicles, to prescribe permitted areas, to fix the amount of charges, to set minimum limits of insurance coverage, provide for transportation of indigents, and establish regulations consistent with the statutes or regulations of the board.

To the contrary, subsection B of 32.1-111.14 does allow for the governing body to make charges for the use of emergency medical services vehicles and ambulance services where the county provides, causes to be provided, or contracts for such services.

When interpreting statutes, courts are required to "ascertain and give effect to the intention of the legislature." *Chase v. DaimlerChrysler Corp.*, 266 Va. 544, 547, 587 S.E.2d 521 (2003). That intent is usually self-evident

from the words used in the statute. *Boynton v. Kilgore*, 271 Va. 220, 227, 623 S.E.2d 922 (2006). From the words used in Va. Code § 32.1-111.14, it is self-evident that subsections A and B address the authority of a governing body with respect to different entities. Under A, franchises or permits are granted to agencies not provided, caused to be provided, or contracted with by the county. Subparagraph B addresses the powers of the governing body with respect for services it provides, causes to be provided, or contracts for. Altavista is an agency that the county did not provide, cause to be provided, or contract with for its emergency services. It was created without county involvement in 1952.

By its own language, Va. Code § 32.1-111.14 provides that the county may make charges for emergency services vehicles it provides, causes to be provided, or contracts for. Under subparagraph A, this power has not been granted with respect to other agencies to which franchises or permits are granted.

Virginia follows Dillon's Rule that municipal corporations have only those powers expressly granted, those that are necessarily or fairly implied, and those that are essential and indispensable. *Stallings v. Wall*, 235 Va. 313, 316-17, 367 S.E.2d 496; *City of Richmond v. Confrere Club of Richmond*, 239 Va. 77, 79-80, 387 S.E.2d 471. This rule has been specifically applied to counties. *Board of Supervisors v. Countryside Investment Co.*, 258 Va. 497, 503, 522 S.E.2d 610 (1999); *Tabler v. Board of Supervisors*, 221 Va. 200, 202, 269 S.E.2d 358 (1980); *Board of Supervisors v. Horne*, 216 Va. 113, 117, 215 S.E.2d 453 (1975).

Using the Dillon's Rule analysis, no express power is granted to the Board of Supervisors by any statute that allows the Board of Supervisors to issue bills and collect proceeds for emergency services provided by a permitted or franchised agency. Thus, this power must be implied in or incident to powers that are expressly granted. Again, under subsection A of 32.1-111.1.4, there is no implication of the right for the Board of Supervisors to bill and collect funds from the powers that are granted. This is contrasted with the fact that, under subsection B, the Board of Supervisors has the power to bill for services and collect the proceeds. This power, however, is only granted when a county provides the services, causes to be provided the services, or contracts for the services.

Campbell County argues that Va. Code § 27-14 gives it the authority to "make such ordinances in relation to the powers and duties of fire/EMS departments, companies . . . as it may deem proper." The problem with this analysis is that EMS departments and companies under the provisions of this statute must be organized pursuant to Va. Code § 27-8 with the approval of

the governing body. The legislative history of this statute indicates that the earliest this definition of an EMS company existed was 1970. The corporate charter for Altavista was issued in 1952. There is no reflection in the corporate charter that it was organized pursuant to § 27-8 or its predecessor statutes. Additionally, there is no indication that it was organized with the approval of the Board of Supervisors. Therefore, Va. Code § 27-8 is not applicable to Altavista. Further, even if Altavista met the definition of an EMS company under § 27-8.1, the rules of statutory construction require that § 32.1-111.14 control. Under the rules of statutory construction established by the Supreme Court, "when one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner, the two should be harmonized, if possible, and where they conflict, the latter prevails." *Peerless Ins. Co. v. County of Fairfax*, 274 Va. 236, 244, 645 S.E.2d 478 (2007). Va. Code § 32.1-111.14 addresses the powers of governing bodies over emergency services agencies in a specific manner. Va. Code § 27-14 only speaks to these powers in a general manner. Further, the provisions of 32.1-111.14 were enacted while 27-14 was in effect. Thus, the legislature would have been aware of Va. Code § 27-14 at the time of the adoption of the provisions of 32.1-111.14. Accordingly, when these statutes are harmonized, the specific powers granted under 32.1-111.14 control. These powers do not include the power to bill or receive proceeds from any billings. Accordingly, there is neither express or implied authority to bill for the services of Altavista or collect the proceeds for such services.

The courts must be mindful that they are not entitled to rewrite statutes. *Anderson v. Commonwealth*, 182 Va. 560, 566, 29 S.E.2d 838 (1944). To allow the Board of Supervisors to bill for the services of Altavista and collect the proceeds from such billings would be for the court to add a provision to the statutes that is not contained in those statutes. Accordingly, it is clear that Campbell County does not have the express statutory authority or the authority by implication to issue these billings or collect the proceeds from such billings.

Campbell County cites the following additional statutes for its position that it can bill on behalf of Altavista and collect the proceeds from such billing: § 15.2-955 (requirement that emergency services organizations created after July 1, 1984, be approved by the governing body and that the governing body maintain emergency services in the entire locality); § 27-4 (contracting with adjacent jurisdictions for emergency medical services); § 27-6.1 (establishing emergency medical service departments by governing bodies); § 27-8.1 (definitions); § 27-10 (dissolution of emergency services organizations by governing bodies); § 27-15.2 (purchase, operation, and maintenance of

emergency services vehicles by governing body); § 27-23.1 (establishment of emergency services zones and taxation within zones to raise money for emergency services); § 27-23.2 (advances by governing body to emergency services departments); § 27-23.3 (reimbursement for advances from governing bodies); § 27-23.6 (governing body allowed to contract with volunteer organizations to provide services); and § 38.2-3407.6 (reimbursement for ambulance services). None of these cited Code sections expressly give governing bodies the authority to bill for the services of volunteer emergency service companies, nor can that authority be fairly implied from any expressly granted powers of the governing body. In fact, many of these Code sections give support to Altavista's position that that authority does not exist. For instance, Va. Code § 27-23.1 provides for the establishment of emergency service zones and for special taxation within those zones for such services. This implies that funding is to be raised by taxation as opposed to collection from private volunteer organizations for such services. Va. Code §§ 27-23.2 and 27-23.3 provide for advances to EMS departments by governing bodies and reimbursement for such advances. By providing for reimbursements, it is implicit that EMS departments will use their own funds from services and fundraising to reimburse the governing body. Va. Code §§ 27-4 and 27-6.1 provide for contracting for EMS services with adjacent jurisdictions and establishing EMS departments by the jurisdiction, respectively. Again, these two sections give governing bodies the authority to provide for services under subsection B of Va. Code § 32.1-111.14 in contrast to the private volunteer organizations under subparagraph A. Va. Code § 38.2-3407.9 expressly provides for reimbursement for ambulance services to the organization actually providing such services. This is an explicit Code requirement of reimbursement to a private volunteer emergency services organization such as Altavista. Further, it is directly contrary to the position of Altavista that there is implicit authorization under the Code for Campbell County to bill for Altavista's services.

This case is scheduled for trial on November 9, 2007, at 9:30 a.m. in the Amherst County Circuit Court. The parties have requested that I furnish some guidance on the burden of proof in this case.

In this regard, ordinances come to the court with a presumption of constitutionality and validity. *Wayside Restaurant, Inc. v. City of Virginia Beach*, 215 Va. 231, 236, 208 S.E.2d 51 (1974); *Town of Ashland v. Board of Supervisors*, 202 Va. 409, 416, 117 S.E.2d 679 (1961); *National Linen Service v. Norfolk*, 196 Va. 277, 279, 83 S.E.2d 401 (1954). This rule requires the court, in cases of doubt, to resolve that doubt in favor of the constitutionality of the enactment. *Town of Ashland*, 202 Va. at 416.

The presumption of the validity of ordinances is overcome if unreasonableness is apparent from the face of the ordinance or is clearly established by extrinsic evidence. *City of Norfolk v. Tiny House, Inc.*, 222 Va. 414, 419, 281 S.E.2d 836 (1981).

In *Town of Narrows v. Clear-View Cable TV, Inc.*, 227 Va. 272, 280-81, 315 S.E.2d 835 (1984), the Supreme Court outlined the burden of proof as follows:

> The litigant attacking legislative action as unreasonable has the burden to establish unreasonableness . . . legislative action is reasonable if the matter in issue is fairly debatable. . . . If the presumptive reasonableness of legislative action is challenged by probative evidence of unreasonableness, the challenge must be met by evidence of reasonableness. If such evidence of reasonableness is sufficient to make the issue fairly debatable, the legislative action must be sustained; if not, the evidence of unreasonableness defeats the presumption and the legislative act cannot be sustained.

Accordingly, once Campbell County produces its ordinance, Altavista will have the burden to clearly prove by evidence unreasonableness. If clear evidence of unreasonableness is presented, then Campbell County must meet such evidence with evidence of reasonableness. If the evidence of reasonableness is sufficient to make the issue fairly debatable, Campbell County's ordinance will be sustained. If not, the evidence of unreasonableness defeats the presumption of reasonableness and the ordinance will be held invalid.